Docket No. 90115–Agenda 10–May 2001.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT L. HAGER, Appellant.

Opinion filed August 29, 2002.

JUSTICE McMORROW delivered the opinion of the court:

The defendant, Robert L. Hager, filed a 
pro se
 post-conviction petition in the circuit court of Kane County pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122–1 
et seq.
 (West 2000)). The circuit court found defendant’s petition to be “without merit” and summarily dismissed the petition under section 122–2.1(a)(2) of the Act (725 ILCS 5/122–2.1(a)(2) (West 2000)). The appellate court affirmed the circuit court’s summary dismissal of defendant’s post-conviction petition but on different grounds. The appellate court determined that defendant’s petition was not timely filed and, on that basis, affirmed the circuit court. 314 Ill. App. 3d 951. For the reasons that follow, we reverse the judgment of the appellate court and remand the cause to that court for further proceedings.

BACKGROUND

On March 12, 1991, a jury convicted defendant of five counts of aggravated criminal sexual assault against two victims under 13 years of age. See Ill. Rev. Stat. 1991, ch. 38, par. 12–14(b)(1) . On December 19, 1991, defendant was sentenced by the circuit court to two consecutive 40-year terms of imprisonment. Defendant appealed his convictions and sentence. On January 18, 1994, the appellate court affirmed defendant’s convictions but remanded the cause to the circuit court for resentencing. 
People v. Hager
, No. 2–91–1477 (1994) (unpublished order under Supreme Court Rule 23). Defendant did not file a petition for leave to appeal from this decision.

On April 15, 1995, the circuit court resentenced defendant on his aggravated criminal sexual assault convictions. Defendant was sentenced to two consecutive 35-year terms of imprisonment. Defendant again appealed, arguing that the sentences were excessive. On February 21, 1997, the appellate court affirmed defendant’s sentences. 
People v. Hager
,  2–95–0821 (1997) (unpublished order under Supreme Court Rule 23).

On October 17, 1997, defendant filed in the circuit court the 
pro se
 petition for post-conviction relief which is at issue in this appeal. Defendant alleged in his petition that his right to due process was denied because his “convictions resulted from testimony by a purported child sex abuse expert who misrepresented her qualifications.” Although the petition reflects that defendant’s signature was notarized on September 26, 1997, the notice and proof of service sections of the petition are undated. Further, there is no postmarked envelope establishing when defendant placed the petition in the mail. The petition was filed with the circuit court on October 17, 1997. Thereafter, on December 11, 1997, the circuit court summarily dismissed defendant’s petition, finding it to be “without merit.” See 725 ILCS 5/122–2.1(a)(2) (West 2000) (authorizing the summary dismissal of a noncapital post-conviction petition which is “frivolous or is patently without merit”).

The appellate court affirmed the dismissal of defendant’s post-conviction petition but not on the basis that the petition was patently without merit. Instead, the appellate court determined that defendant’s petition was not timely filed. In reaching this conclusion, the appellate court examined the time limitations for filing a post-conviction petition which are set forth in section 122–1(c) of the Act (725 ILCS 5/122–1(c) (West 2000)). Section 122–1(c) provides:

“(c) No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant’s brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.” 725 ILCS 5/122–1(c) (West 2000).

Citing to 
People v. Reed
, 302 Ill. App. 3d 1007, 1009 (1999), the appellate court first concluded that the 45-day time limit described in section 122–1(c) applied only to cases which had been directly appealed to the supreme court and, hence, was not relevant to the question of the timeliness of defendant’s petition. The appellate court then noted that, between the remaining two time limits contained in section 122–1(c), 
i.e.
, the six-month period or the three-year period, section 122–1(c) dictates that the period which results in the earliest date for filing the petition must be used. The court then compared the different periods.

The appellate court assumed, for purposes of its analysis, that the three-year limitations period would not have begun to run until defendant’s convictions were affirmed on appeal in 1997 because only then would defendant’s convictions have been final. 314 Ill. App. 3d at 953, citing 
People v. Ivy
, 313 Ill. App. 3d 1011 (2000). The court next observed that there were two possible ways to calculate the six-month time period set forth in section 122–1(c). The six-month period could have started to run either after defendant’s first appeal, in 1994, or after defendant’s second appeal, in 1997. The appellate court reasoned that the deadline which resulted from either of these two possibilities was sooner than the deadline which resulted from applying the three-year period. Accordingly, because section 122–1(c) dictates that the earliest date be used, the court set the three-year period aside.

The appellate court then held that the six-month limitations period for defendant to file his petition for post-conviction relief began to run following his first appeal, in 1994. The appellate court determined that it did not matter if defendant was not technically or finally “convicted” until February 1997, when the appellate court affirmed the sentences imposed following the remand. The appellate court recognized that the first appeal resulted in the reversal of defendant’s sentences and, therefore, that a post-conviction petition filed after the first appeal could not have addressed any constitutional issues relating to defendant’s sentences. Nevertheless, the appellate court concluded that defendant could have raised nonsentencing issues, including the issue raised in this case, in a post-conviction petition while “the sentencing issue was being resolved in the trial court.” 314 Ill. App. 3d at 954. Thus, according to the appellate court, a post-conviction petition, though limited to nonsentencing issues, could have been filed following the first appeal in 1994. After reaching this conclusion, the appellate court reiterated that section 122–1(c) requires that the earliest deadline imposed by the various limitations periods be used. Because a post-conviction petition could have been filed after the first appeal in 1994, the appellate court determined that the six-month time limit began to run in this case at that time.

The appellate court held that the deadline for defendant’s post-conviction petition was six months following the date on which his petition for leave to appeal from the first appellate decision was due. This deadline, according to the appellate court, was August 8, 1994. 314 Ill. App. 3d at 954. Defendant’s post-conviction petition was filed in the circuit court on October 17, 1997. Accordingly, the appellate court dismissed defendant’s petition on timeliness grounds. The appellate court did not consider the circuit court’s holding that defendant’s petition was “without merit.”

This court subsequently granted defendant’s petition for leave to appeal. See 177 Ill. 2d R. 315.

ANALYSIS

The principal question presented in this appeal is whether the six-month limitations period described in section 122–1(c) of the Act began to run in this case after defendant’s first appeal, in 1994, or after his second appeal, in 1997. In our view, the six-month limitations period could not have started to run after defendant’s sentences were vacated in the first appeal.

In 
People v. Woods
, 193 Ill. 2d 483 (2000), this court held that, as used in the Post-Conviction Hearing Act, the word “conviction” is a term of art which means a final judgment that includes both a conviction 
and
 a sentence. 
Woods
, 193 Ill. 2d at 488. On January 18, 1994, the appellate court vacated defendant’s sentences. Therefore, on that date, defendant did not stand “convicted” for purposes of the Post-Conviction Hearing Act.

The appellate court’s conclusion that it was irrelevant that defendant no longer had a “conviction” on January 18, 1994, is incorrect. As its name suggests, the Post-Conviction Hearing Act provides a remedy only for those defendants who stand convicted. The relief afforded by the Act is limited to a “person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his or her 
conviction
 there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both.” (Emphasis added.) 725 ILCS 5/122–1(a) (West 2000)
. In other words, a defendant who is not “convicted” cannot file a post-conviction petition. Thus, even had defendant wished to file a post-conviction petition following the first appeal, he could not have done so; he simply had no “conviction” to challenge. Because defendant had no “conviction” after the first appeal, the six-month period found in section 122–1(c) could not have begun to run at that time. After defendant’s sentences were reversed by the appellate court in January 1994, the limitations periods in section 122–1(c) did not begin to run again until defendant was re-sentenced in the circuit court on April 15, 1995. Accordingly, the appellate court erred in holding that the six-month period began to run following defendant’s first appeal.

Having concluded that the appellate court erred in its application of the limitations period in section 122–1(c), we would ordinarily remand this cause to that court with instructions to determine the timeliness of defendant’s post-conviction petition in a manner consistent with our holding in the case at bar. However, we may not instruct the appellate court to take that course of action here.

This court has recently held that the Act does not permit the summary dismissal of a post-conviction petition during the first stage of post-conviction review on the ground that the petition is untimely. 
People v. Boclair
, Nos. 89388, 89471, 89534 cons., slip op. at 3-9 (August 29, 2002). The timeliness of the post-conviction petition is a matter that is “left for the State to assert during the second stage of the post-conviction proceedings.” 
Boclair
, slip op. at 9. Therefore, on remand in this case, the appellate court may not consider the timeliness of defendant’s petition for post-conviction relief. As defendant’s post-conviction petition was summarily dismissed by the circuit court pursuant to section 122–2.1(a)(2) of the Act, the appellate court must limit its discussion to determining whether, aside from its timeliness, defendant’s petition “is frivolous or is patently without merit” (725 ILCS 5/122–2.1(a)(2) (West 2000)).

CONCLUSION

For the foregoing reasons, the judgment of the appellate court is reversed. This cause is remanded to the appellate court to determine whether the circuit court erred in summarily dismissing defendant’s post-conviction petition under section 122–2.1(a)(2) of the Act.

Appellate court judgment reversed
;

cause remanded
.