NOTICE

Decision filed 02/17/11. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-08-0221

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 85-CF-181 |
| | ) | |
| THOMAS G. INMAN, | ) | Honorable |
| | ) | Brian Babka, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE CHAPMAN delivered the judgment of the court, with opinion. Justices Goldenhersh and Stewart concurred in the judgment and opinion.

**O P I N I O N**

The defendant, Thomas G. Inman, appeals the first-stage dismissal of his postconviction petition. The defendant was originally convicted in 1985 of one count each of murder and attempted murder. He was sentenced to natural life in prison for the murder and 30 years for the attempted murder, to be served concurrently. The defendant subsequently filed a postconviction petition challenging the natural-life sentence on *Apprendi* grounds (*Apprendi v. New Jersey*, 530 U.S. 466 (2000)). The circuit court vacated that sentence and resentenced the defendant. The defendant's current petition challenges the sentences imposed after the resentencing, on the basis of double jeopardy. The circuit court dismissed the petition because the defendant did not obtain leave of the court to file a successive petition. On appeal, the defendant argues that his petition was *not* a successive petition because it was the first petition directed at the order imposing a new sentence in 2006. We reverse.

In 1985, the defendant was charged with murder, attempted murder, and armed

1

violence. The charges stemmed from a fight that occurred after the defendant and two of his friends were involved in an argument at a bar. The defendant and his friends left the bar and waited outside in their vehicle for the victim and his friend to leave. They then followed the victim and his friend and forced their car off the road. In the ensuing fight, the victim was stabbed multiple times and died of his injuries. His friend sustained serious injuries but survived.

The defendant was convicted on all three charges, and the court sentenced him to natural life in prison for the murder and 30 years for the attempted murder, to be served concurrently. The court did not impose a sentence for the armed violence charge, finding that it merged with the murder conviction, but the court did not vacate the conviction on that charge. On direct appeal, this court vacated the armed violence conviction but affirmed the convictions on the remaining two charges. *People v. Inman*, No. 5-85-0632 (Sept. 25, 1987) (unpublished order under Supreme Court Rule 23 (eff. Apr. 1, 1982)).

In 1988, the defendant filed his first petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122-1 *et seq.* (now 725 ILCS 5/122-1 *et seq.* (West 2008))). In it, he alleged that he received ineffective assistance of counsel, his conviction resulted from perjured testimony, and newly discovered exculpatory evidence required that he be given a new trial. The court denied the petition after a hearing. The defendant appealed, and this court affirmed that ruling. *People v. Inman*, No. 5-89-0863 (Mar. 12, 1992) (unpublished order under Supreme Court Rule 23 (eff. Jan. 1, 1989)).

In 1992, the defendant filed a second postconviction petition, challenging only his original sentence. This petition was dismissed on the grounds that it was a successive petition filed without leave of the court. The defendant appealed, and this court affirmed the court's order dismissing the petition. *People v. Inman*, No. 5-92-0877 (Apr. 20, 1994) (unpublished order under Supreme Court Rule 23 (eff. Jan. 1, 1989)).

In August 2000, the defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 1998)), which the court treated as a postconviction petition. This time, the defendant challenged his natural-life sentence on the basis of the United States Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which had recently been decided.

On June 21, 2001, the circuit court entered an order finding that the sentence violated the rule of *Apprendi*. The sentence was based on the trial judge's finding that the murder had been committed in a heinous and brutal manner, a finding which, under *Apprendi*, could support an extended-term sentence only if it was made by a finder of fact beyond a reasonable doubt. The circuit court vacated the defendant's sentences and noted that there were two options: the State could retry the defendant and again seek an extended-term sentence of natural life in prison if the jury made the requisite finding beyond a reasonable doubt, or the court could instead simply hold a new sentencing hearing. The court directed the State to notify the court and the defendant of which option it intended to pursue. The court also noted that if the State chose the option to seek only a new sentencing hearing, the court would need to determine whether the sentencing laws in effect in 1985 gave the court the discretion to impose consecutive sentences.

On August 30, 2001, the State filed a motion to reconsider that ruling, which the court denied. The State then appealed; however, its appeal was dismissed for a lack of jurisdiction on the basis that it was not timely filed. *People v. Inman*, No. 5-01-0741 (Sept. 8, 2003) (unpublished order under Supreme Court Rule 23 (eff. July 1, 1994)).

Shortly after its appeal was dismissed, the State filed a notice of its intent to seek only a new sentencing hearing. In May 2004, the parties submitted memoranda addressing the issue of the court's discretion to impose consecutive sentences. The State's arguments focused on statutory authority; however, the defendant's *pro se* memorandum argued that

3

imposing a consecutive sentence would violate principles of double jeopardy and *ex post facto*. On May 28, 2004, the court held a hearing in the matter and entered an order ruling that it did have discretion to impose consecutive sentences. At the hearing, the defendant, through counsel, announced that he intended to file a motion to dismiss the charge of attempted murder on the grounds that the sentence had been fully served, taking into account credit for good behavior that was available under the 1985 sentencing laws. The parties agreed to continue the sentencing hearing to allow the defendant to file the motion and the State to respond.

On June 4, 2004, the defendant filed the motion to dismiss. On June 18, 2004, the State filed a response. The State pointed out that the circuit court's ruling vacated only the natural-life sentence for murder and did not address the 30-year sentence for attempted murder. The State thus argued that the defendant's real argument was that principles of double jeopardy would be violated by imposing a consecutive sentence on the murder charge in light of the time the defendant had already served in prison. The court held a hearing on the matter on June 25, 2004.

On July 16, 2004, the court entered an order finding that imposing consecutive sentences would not violate double jeopardy protections. The defendant filed two appeals from this ruling, each of which was dismissed for a lack of jurisdiction on the basis of untimeliness. *People v. Inman*, No. 5-04-0641 (Jan. 10, 2005) (unpublished order); *People v. Inman*, No. 5-05-0650 (Jan. 30, 2006) (unpublished order). (We note that it is not clear why the second appeal was filed, and the defendant stated in the petition underlying this appeal that it was filed by counsel without his knowledge.)

The resentencing hearing took place on July 24, 2006. At this point, the defendant had already served 21 years in prison. The court sentenced the defendant to 35 years' imprisonment on the murder conviction, to be served consecutively to the attempted-murder

4

sentence. The court ordered the defendant to be given credit for time already served.

The defendant filed a direct appeal, challenging the consecutive sentences as an abuse of the court's discretion. He did not raise the double jeopardy issue. This court affirmed the sentences on August 28, 2007. *People v. Inman*, No. 5-06-0422 (Aug. 28, 2007) (unpublished Rule 23 order).

On January 16, 2008, the defendant filed the *pro se* postconviction petition that forms the basis of this appeal. In his petition, the defendant raised two issues. First, he argued that appellate counsel was ineffective for failing to raise the issue of double jeopardy on direct appeal. In contending that the consecutive sentences violated double jeopardy principles, he argued that because the original sentences were concurrent, the 21 years he served in prison prior to the resentencing hearing should have been credited against both sentences. He further argued that under the sentencing laws in effect in 1985, he would have been entitled to credit for good behavior in prison. Thus, he reasoned, both sentences would have been fully served before 2006.

In addition, the defendant argued that appellate counsel was ineffective for failing to argue that the trial testimony of the murder victim's friend and a statement of one of the jurors indicated that the jury never intended to convict him of the attempted murder. We note that he does not continue to press this claim on appeal.

On February 7, 2008, the court entered an order finding that the petition had been "filed on January 16, 2008," and assigning it to Judge Babka for further proceedings. On March 26, 2008, Judge Babka dismissed the defendant's petition, finding that it was a successive petition filed without obtaining leave of the court. This appeal followed.

The defendant argues that the instant case does not involve a successive petition. In essence, he contends that the July 2006 order imposing a 35-year sentence for his murder conviction, to be served consecutively to his previously imposed sentence for attempted

5

murder, was a final judgment distinct from the final judgment in 1985 that imposed the original sentences in this case. In support of his position, he cites *People v. Woods*, 193 Ill. 2d 483, 739 N.E.2d 493 (2000). That case involved the timeliness of a single petition for postconviction relief filed after the entry of a single order sentencing the defendant. At issue was the statutory requirement that the petition be filed within three years of the date of the conviction. *Woods*, 193 Ill. 2d at 486, 739 N.E.2d at 494-95 (relying on 725 ILCS 5/122-1(c) (West Supp. 1997)).

There, the defendant pled guilty to murder, and the court entered an order accepting his guilty plea on July 26, 1994. The court sentenced the defendant on February 7, 1995. *Woods*, 193 Ill. 2d at 485, 739 N.E.2d at 494. Thus, if the date of the guilty pleas was the date of the conviction, the deadline for filing a timely postconviction petition would have been July 26, 1997. If, on the other hand, the date of the conviction was the date the sentence was imposed, the deadline would have been February 7, 1998. *Woods*, 193 Ill. 2d at 486, 739 N.E.2d at 495. The defendant filed his postconviction petition between these two dates, on August 7, 1997. *Woods*, 193 Ill. 2d at 485, 739 N.E.2d at 494.

The State argued that the date of the conviction was the date on which the court accepted the defendant's guilty plea, which made the petition untimely. The defendant, by contrast, argued that the date of the conviction was the date on which the court imposed the sentence, thus making his petition timely. *Woods*, 193 Ill. 2d at 486, 739 N.E.2d at 495. In resolving these arguments, the supreme court first noted that either interpretation was reasonable. *Woods*, 193 Ill. 2d at 487, 739 N.E.2d at 495. The court then explained that the term "conviction" had been construed to mean *each* of these dates in different contexts. *Woods*, 193 Ill. 2d at 487-88, 739 N.E.2d at 495. Ultimately, the court found that, in the context of the Post-Conviction Hearing Act, the date of the conviction should be construed to mean the date of the sentence. *Woods*, 193 Ill. 2d at 488-89, 739 N.E.2d at 496.

6

We do not find that *Woods* answers the precise question before us. Here, the parties agree that the date of the conviction is the date on which the sentence was imposed; the question is whether the sentence imposed in 2006 constitutes a separate order of conviction. If so, no previous petition has been filed attacking the order of conviction the defendant's current petition challenges. We are aware of no case that squarely addresses this question. We find guidance, however, in the case of *People v. Hager*, 202 Ill. 2d 143, 780 N.E.2d 1094 (2002).

*Hager*, like *Woods*, involved the timeliness of a single petition for postconviction relief. That question, however, arose in a procedural context that makes its analysis far more relevant to the question before us. There, a defendant filed a direct appeal challenging both his convictions and his sentences. The appellate court affirmed his convictions but vacated his sentences and remanded to the trial court for resentencing. *Hager*, 202 Ill. 2d at 145, 780 N.E.2d at 1095. After the trial court sentenced him on remand, the defendant again appealed. This time, the appellate court affirmed the new sentences. *Hager*, 202 Ill. 2d at 145-46, 780 N.E.2d at 1095. The defendant then filed a petition for postconviction relief. *Hager*, 202 Ill. 2d at 146, 780 N.E.2d at 1095. Thus, *Hager*, like the instant case, involved two different sentencing orders, one entered after the other had been vacated.

As previously mentioned, the issue there was the timeliness of the defendant's postconviction petition. The Post-Conviction Hearing Act provides three different limitations periods. A petition must be filed by the date on which the earliest limitations period runs. 725 ILCS 5/122-1(c) (West 2008). In *Hager*, the applicable limitations period was six months after the date the defendant filed a petition for leave to appeal or the date for filing that petition if none was filed. The question before the court was whether that period began to run after his first appeal or his second appeal. *Hager*, 202 Ill. 2d at 149, 780 N.E.2d at 1096-97. Although this is not the same issue we face in this case, we find the

7

rationale underlying the *Hager* court's decision to be applicable.

The supreme court noted that when the appellate court issued its decision in the defendant's first appeal, it vacated his sentence. "Therefore," the court explained, "on that date, [the] defendant did not stand 'convicted' for purposes of the Post-Conviction Hearing Act." *Hager*, 202 Ill. 2d at 149, 780 N.E.2d at 1097. The court further explained as follows:

"As its name suggests, the Post-Conviction Hearing Act provides a remedy only for those defendants who stand convicted. The relief afforded by the Act is limited to a 'person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his or her *conviction* there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both.' (Emphasis added.) 725 ILCS 5/122-1(a) (West 2000). In other words, a defendant who is not 'convicted' cannot file a post-conviction petition. Thus, even had [the] defendant wished to file a post-conviction petition following the first appeal, he could not have done so; he simply had no 'conviction' to challenge." *Hager*, 202 Ill. 2d at 149, 780 N.E.2d at 1097.

Consistent with this reasoning, we conclude that the order entered in 2006 sentencing the defendant to consecutive terms on remand constituted a separate "conviction" for purposes of the Post-Conviction Hearing Act. The defendant here did not challenge–and *could* not have challenged–the proceedings that resulted in the 2006 order until the court entered that order because they had yet to occur. This is true even though the defendant could challenge–and did challenge–the proceedings leading to the 1985 judgment prior to the circuit court's order vacating that judgment in 2001.

The State argues that *Hager* is distinguishable because the court there "simply held that the defendant's conviction did not become final until both the conviction and sentence became final by conclusion of *direct* review." (Emphasis in original.) We disagree. The

8

court's reasoning focused heavily on the fact that the first order of conviction had been *vacated*. Absent that fact, even a direct appeal would not have tolled the time period for filing a postconviction petition. See *People v. Harris*, 224 Ill. 2d 115, 127, 862 N.E.2d 960, 968 (2007) (quoting *People v. Partee*, 125 Ill. 2d 24, 35, 530 N.E.2d 460, 465 (1988)). We conclude that the petition at issue is the first petition filed by the defendant challenging the 2006 order of conviction including the sentence. Thus, the defendant did not require leave of the court to file it.

The defendant raises one additional argument regarding the procedure to be followed on remand. He correctly points out that a court is required to review a petition within 90 days to determine whether it is frivolous and patently without merit. If the court does not dismiss the petition pursuant to this provision within that time frame, the court *must* docket the petition for further proceedings. 725 ILCS 5/122-2.1(a)(2) (West 2006). The defendant contends that these provisions are applicable here. Thus, he contends, because the court did not dismiss the petition within 90 days of its filing, the court must appoint counsel and docket the matter for further proceedings. See *Harris*, 224 Ill. 2d at 129, 862 N.E.2d at 969; *People v. Carter*, 383 Ill. App. 3d 795, 798, 892 N.E.2d 1082, 1085 (2008). We agree.

In *Harris*, the supreme court explained in *dicta* that a trial court must docket a postconviction petition for second-stage proceedings if it fails to comply with the statutory requirement that it examine the petition within 90 days to determine whether it is frivolous or patently without merit. This is so even where the court's failure to timely make this determination results from an erroneous conclusion that the postconviction petition may not proceed at the same time as a direct appeal. *Harris*, 224 Ill. 2d at 129, 862 N.E.2d at 969. In *Carter*, the trial court mistakenly treated a first postconviction petition as a successive petition. The appeals court noted that the trial court was likely confused by the defendant's simultaneously pending petition for collateral relief in a different case. That petition, styled

as a "motion for declaratory judgment," was aimed at a prior conviction in a different case, but it involved the same defendant and victim. *Carter*, 383 Ill. App. 3d at 798, 892 N.E.2d at 1085. Here, the court did not determine the petition to be frivolous or patently without merit within 90 days, because it concluded that the petition was successive. We see no meaningful distinction between this error and the error described in *Harris* or the honest mistake made by the trial court in *Carter*. We therefore conclude that, on remand, the petition must be docketed for second-stage proceedings.

Accordingly, we reverse the trial court's order dismissing the defendant's petition and remand for further proceedings consistent with this decision.

Reversed; cause remanded.

NO. 5-08-0221

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 85-CF-181 |
| | ) | |
| THOMAS G. INMAN, | ) | Honorable |
| | ) | Brian Babka, |
| Defendant-Appellant. | ) | Judge, presiding. |

**Opinion Filed**: February 17, 2011

**Justices**: Honorable Melissa A. Chapman, P.J.

Honorable Richard P. Goldenhersh, J., and
Honorable Bruce D. Stewart, J.,
Concur

**Attorneys for Appellant**  Michael J. Pelletier, State Appellate Defender, Charles M. Schiedel, Deputy Defender, Duane E. Schuster, Assistant Defender, Office of the State Appellate Defender, Supreme Court Unit, 400 West Monroe, Suite 303, P.O. Box 5240, Springfield, IL 62705-5240

**Attorneys for Appellee**  Hon. Robert Haida, State's Attorney, St. Clair County Courthouse, 10 Public Square, Belleville, IL 62220, Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Sharon Shanahan, Contract Attorney, Office of The State's Attorneys Appellate Prosecutor, 730 East Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864