# Illinois Official Reports

## Appellate Court

---

### *People v. Reid*, 2014 IL App (3d) 130296

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ELIJAH REID, Defendant-Appellant. |
| | |
| District & No. | Third District<br>Docket No. 3-13-0296 |
| | |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | November 19, 2014<br><br>December 15, 2014<br>December 15, 2014 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant agreed to waive his rights to file an appeal and a postconviction petition in order to avoid the death penalty after he was found guilty of first degree murder, and then the appellate court, after finding that defendant was improperly admonished about the waiver of his appeal rights, heard and denied his appeal, defendant filed a postconviction petition alleging that his waiver of his right to file the petition was not knowingly and intelligently made and that he presented a valid claim of ineffective assistance of counsel, the appellate court affirmed the trial court's dismissal of that petition as frivolous and patently without merit, since no specific admonishments are required when the right to file a postconviction petition is waived, but rather the proper inquiry is whether the waiver was knowing and intelligent and given with sufficient awareness of the circumstances and consequences, and in defendant's case, the "layman's explanation" of the waiver provided by the trial court was appropriate. |
| | |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 08-CF-368; the Hon. Walter D. Braud, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | John L. McGehee, State's Attorney, of Rock Island (Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion. Justices McDade and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1        A jury found defendant, Elijah Reid, guilty of two counts of first degree murder (720 ILCS 5/9-1(a)(1) (West 2008)). Prior to sentencing, defendant agreed to waive his appeal and postconviction rights in exchange for the State's agreement not to pursue the death penalty. This court found that defendant was improperly admonished regarding the waiver of his appeal rights, then heard and denied his appeal. *People v. Reid*, 2012 IL App (3d) 100210-U. Defendant subsequently filed a *pro se* petition for postconviction relief, which was dismissed at the first stage as frivolous and patently without merit. Defendant appeals from that dismissal, arguing that (1) he was not barred from filing his postconviction petition because his waiver of that right was not knowingly and intelligently made, and (2) his petition presented an arguable claim for ineffective assistance of counsel. We hold that defendant was properly admonished of his right to file a postconviction petition and therefore was barred from filing such a petition. We affirm.

¶ 2                                                    FACTS
¶ 3        On April 16, 2008, defendant was charged with two counts of first degree murder (720 ILCS 5/9-1(a)(1) (West 2008)) in the April 11, 2008, murders of Ryan Ferry and Jermaine Robinson. The State filed notice of its intent to seek the death penalty. On January 15, 2010, a jury found defendant guilty on two counts of first degree murder.

¶ 4        Prior to sentencing, defendant and the State entered into an agreement whereby the State agreed to drop its pursuit of the death penalty in exchange for defendant's agreement to waive his right to appeal and to file a postconviction petition. Defendant would receive a sentence of natural life imprisonment–the minimum possible sentence–for each murder. The State announced the agreement to the court, and the defense concurred, stating: "That's correct, Your Honor. [Defendant] will give up his rights to direct appeal or post-conviction petition reserving only his indefeasible right to apply for pardon or commutation from the Governor."

¶ 5        The following colloquy between defendant, defense counsel, and the court ensued:

"MR. RICHARDS [Defendant's attorney]: There is an agreement that the defendant will not file a notice of appeal, will not file a post-conviction petition, and will waive further appeals exclusive of his constitutional rights to apply for pardon or commutation. Is that true?

THE DEFENDANT: Yeah.

THE COURT: [Defendant], I am advised that it is your desire at this time to enter–to accept a sentence of natural life imprisonment to Count 1, first degree murder of Ryan Ferry, and Count 2, first degree murder of Jermaine Robinson. Is that right?

THE DEFENDANT: Yes.

THE COURT: And it is your understanding that in doing so, you would not be faced with the death penalty?

THE DEFENDANT: Yes.

THE COURT: That further in doing so recognizing the benefit of not facing the death penalty you are giving up any rights of appeal?

THE DEFENDANT: Yeah.

THE COURT: And any rights of post-conviction relief, those are trial rights that you would have to challenge the trial even after the appeal was over?

THE DEFENDANT: Yes.

THE COURT: And that you would take no further legal action to set aside or challenge any of the legal proceedings that have taken place to date?

THE DEFENDANT: No.

THE COURT: But you would reserve your right to seek a clemency?

THE DEFENDANT: Yes.

* * *

THE COURT: You have agreed in lieu of the State's giving up their pursuit of the death penalty and agreeing to the natural life sentence that you would pursue no appeal, state or federal, either by way of appeal or any post-conviction relief; is that correct?

THE DEFENDANT: Yeah."

The parties agreed that there was "no need to admonish [defendant] as to his rights to appeal," because those rights had been waived. The court sentenced defendant to two terms of natural life imprisonment.

¶ 6        Defendant appealed to this court, asserting a number of reasons why his plea agreement was unenforceable. *Reid*, 2012 IL App (3d) 100210-U. We rejected defendant's argument that the waiver violated public policy because he waived his right to file a postconviction petition. We found that the agreement was supported by consideration.

¶ 7        This court did, however, agree that defendant had been improperly admonished with respect to his waiver of his appeal rights. Specifically, we found that because the waiver of appeal rights operates much like a guilty plea, the trial court was required to give defendant the admonishments under Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001). We then addressed the substantive issues of defendant's appeal, affirming his convictions and sentences.

¶ 8        On October 3, 2012, defendant filed a *pro se* petition for postconviction relief. Defendant's petition asserted 13 claims of error. The trial court dismissed defendant's petition as frivolous

or patently without merit. Defendant appeals, arguing that one claim for ineffective assistance of counsel does present the gist of a constitutional claim and should be advanced to second-stage proceedings. Defendant further contends that he was improperly admonished concerning his right to file a postconviction petition and any waiver of that right was therefore not knowing and intelligent.

¶ 9                                                    ANALYSIS

¶ 10    We turn first to the issue of waiver. Where, as here, the facts are not in dispute, whether a defendant's waiver of a right was knowing and voluntary is a question of law to be reviewed *de novo*. *In re R.A.B.*, 197 Ill. 2d 358 (2001).

¶ 11    The waiver of a constitutional right is valid only when it is clear that there has been an intentional relinquishment or abandonment of a known right. *People v. McClanahan*, 191 Ill. 2d 127 (2000). "Such waivers must not only be voluntary, but must be ' "knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." ' " *Id.* at 137 (quoting *People v. Johnson*, 75 Ill. 2d 180, 187 (1979), quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). This standard, requiring that a waiver be knowing and voluntary, applies to the waiver of statutory rights as well. See *People v. Vernón*, 396 Ill. App. 3d 145, 152 (2009) (finding waiver analysis to be the same whether right to counsel is constitutional or statutory); *Department of Public Aid ex rel. Allen v. Dixson*, 323 Ill. App. 3d 600, 603 (2001) ("Statutory and constitutional rights may be waived as long as the waiver is knowing, voluntary, and intentional.").

¶ 12    Proper admonishments by the trial court help to ensure that a defendant understands his rights and the consequences of any decision to waive those rights. *People v. Sharifpour*, 402 Ill. App. 3d 100 (2010). Many such admonishments are prescribed by our supreme court in order to protect defendants. See, *e.g.*, Ill. S. Ct. R. 401 (eff. July 1, 1984) (admonitions for waiver of right to counsel); Ill. S. Ct. R. 402 (eff. July 1, 2012) (admonitions upon a plea of guilty); Ill. S. Ct. R. 605 (eff. Oct. 1, 2001) (admonitions concerning appeal rights). Even where admonishments are prescribed, only substantial compliance–rather than strict compliance–is required. *Sharifpour*, 402 Ill. App. 3d 100 (Rule 402); *People v. Haynes*, 174 Ill. 2d 204 (1996) (Rule 401); *People v. Dominguez*, 2012 IL 111336 (Rule 605).

¶ 13    In Illinois, the Post-Conviction Hearing Act affords criminal defendants a right to collaterally attack a conviction. 725 ILCS 5/122-1 (West 2012). This right, like others, may be waived. *E.g.*, *People v. Edgeston*, 396 Ill. App. 3d 514 (2009). Indeed, in the direct appeal in this case, this court pointed out that agreements to waive postconviction relief are, as a general matter, enforceable. *Reid*, 2012 IL App (3d) 100210-U.

¶ 14    Defendant argues that the trial court's admonishments regarding his right to file a postconviction petition were so defective as to render his waiver of that right unknowing and involuntary. Though this court previously ruled that defendant's waiver of his right to appeal was invalid for lack of proper admonishments under Rule 605, the present issue is distinct. First, unlike the admonishments called for by Rule 605, no specific admonishments are delineated by statute–either by supreme court rule or by the Post-Conviction Hearing Act itself–to accompany the waiver of postconviction rights. Further, the parties agreed at sentencing that the Rule 605 admonishments were unnecessary, and thus none were given. The court did, however, explain to defendant the postconviction rights he was waiving.

¶ 15    Because there are no specific admonishments prescribed to accompany the waiver of postconviction rights, a substantial compliance analysis is not possible. Instead, our inquiry is more fundamental: whether defendant's waiver was a "knowing, intelligent act[ ] done with sufficient awareness of the relevant circumstances and likely consequences." (Internal quotation marks omitted.) *McClanahan*, 191 Ill. 2d at 137.

¶ 16    We find that the admonishments given by the trial court were sufficient and that defendant's waiver of his right to file a postconviction petition was knowing, voluntary, and valid. The court made clear that defendant had a right to postconviction relief, which it described as a right to "challenge the trial even after the appeal was over." The court emphasized that the result of the agreement would be that defendant could "take no further legal action to set aside or challenge any of the legal proceedings that have taken place to date." At each step, defendant indicated to the court that he understood and agreed. The court made it plainly clear what defendant had a right to do and what defendant was waiving by entering into the agreement.

¶ 17    Defendant argues that the admonishment should have been "more formal," and included other details, such as the standard to be applied at the first stage of postconviction proceedings and the right to receive a free transcript. We disagree and find that the court's more general, layman's explanation was appropriate. The court unequivocally informed defendant that he had a postconviction right to challenge the proceedings even if his appeal was unsuccessful and that he would be abandoning his right to take any further action by entering into the agreement. We cannot find that the court's failure to discuss the specific process that postconviction proceedings follow prejudiced defendant. See *People v. Davis*, 145 Ill. 2d 240, 250 (1991) ("Whether reversal is required depends on whether real justice has been denied or whether defendant has been prejudiced by the inadequate admonishment.").

¶ 18    The conclusion that the admonishments in this case were sufficient is further supported by the fact that many of the prescribed requirements for admonishments concerning the waiver of constitutional rights were satisfied here. The waiver was made by defendant in open court, while defendant was represented by counsel. The court addressed defendant directly and ascertained that he understood the rights that he was waiving. See Ill. S. Ct. R. 401 (eff. July 1, 1984); Ill. S. Ct. R. 402 (eff. July 1, 2012) (each requiring "addressing the defendant personally in open court, informing him *** of and determining that he *** understands" his rights).

¶ 19    Finally, we recognize that the trial court here did not address the waiver issue, instead ruling on defendant's *pro se* petition on its merits. The court dismissed the petition as frivolous and patently without merit. "It is a fundamental principle of appellate law that when an appeal is taken from a judgment of a lower court, '[t]he question before [the] reviewing court is the correctness of the result reached by the lower court and not the correctness of the reasoning upon which that result was reached.' " *People v. Johnson*, 208 Ill. 2d 118, 128 (2003) (quoting *People v. Novak*, 163 Ill. 2d 93, 101 (1994)). Thus, because we agree that defendant's *pro se* petition should have been dismissed, we affirm the decision of the trial court.

¶ 20                                                  CONCLUSION
¶ 21    The judgment of the circuit court of Rock Island County is affirmed.


¶ 22    Affirmed.