2022 IL App (2d) 200457-U
No. 2-20-0457
Order filed April 20, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Lake County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 94-CF-2389 |
| | ) | |
| CHRISTOPHER THOMAS, | ) | Honorable |
| | ) | George D. Strickland, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court erred in characterizing defendant's postconviction petition as a successive, and despite defendant's waiver at sentencing of the right to pursue collateral relief, a remand for second-stage proceedings was necessary because the trial court failed to review the petition within 90 days.

¶ 2    Defendant, Christopher Thomas, appeals from an order of the circuit court of Lake County dismissing his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). Contending that the trial court incorrectly construed his petition as a successive petition rather than a first, defendant argues that the matter must be remanded for

second-stage proceedings because the court failed to dismiss the petition within 90 days as required under the Act. We reverse and remand.

¶ 3                                                  I. BACKGROUND

¶ 4      After a jury trial, defendant was convicted of first-degree murder (720 ILCS 5/9-1(a) (West 1994)) and sentenced to death. On direct appeal, the supreme court affirmed. *People v. Thomas*, 178 Ill. 2d 215 (1997). In March 1996, defendant filed a *pro se* petition under the Act. After appointed counsel filed an amended petition, the State moved to dismiss it. On September 28, 1999, the trial court granted in part and denied in part the State's motion, and it set the matter for an evidentiary hearing.

¶ 5      Before the evidentiary hearing, defendant and the State resolved the postconviction proceedings by written agreement and, on December 15, 1999, presented the agreement to the trial court. Under that agreement, defendant's death sentence was converted to a prison sentence of 100 years, with day-for-day good-conduct credit, and defendant

> "waive[d] all future rights of appeal, post conviction remedy, [and] collateral remedy, including but not limited to: State and Federal appeals, State and Federal Habeas Corpus relief, State and Federal Post Conviction relief, or any and every form of direct or collateral attack now recognized or as yet unrecognized which would have the effect of undermining, reducing, diminishing, vacating or voiding the conviction for first degree murder, or the agreed sentence of 100 years."

Before accepting the agreement, the court engaged in a lengthy colloquy with defendant because it "want[ed] to make sure that [defendant] clearly underst[ood] the nature of the proceedings." Following the colloquy, the court sentenced defendant per the agreement.

¶ 6     Despite the agreement, over the next 15 years, defendant filed multiple petitions under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)). In each case, the petition was dismissed or denied, defendant appealed, the Office of the State Appellate Defender (OSAD) was appointed and moved to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and we granted OSAD's motion. See *People v. Thomas*, 2017 IL App (2d) 150832-U; *People v. Thomas*, No. 2-10-1294 (2012) (unpublished summary order under Illinois Supreme Court Rule 23(c)); *People v. Thomas*, No. 2-08-0576 (2009) (unpublished summary order under Illinois Supreme Court Rule 23(c)); *People v. Thomas*, No. 2-01-0892 (2002) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7     On October 11, 2017, defendant filed the *pro se* postconviction petition at issue here. In it, he argued that his 100-year sentence violated the proportionate penalties clause of the Illinois Constitution because the sentence was a *de facto* life sentence imposed upon defendant without consideration of his "juvenile characteristics[ ] and his rehabilitative potential."

¶ 8     On February 16, 2018, the trial court ruled on the petition. The court, finding that "defendant has filed several post-convictions [*sic*] over the last 19 years," characterized the petition as a successive postconviction petition under the Act and determined that defendant could not meet the requisite cause-and-prejudice test. Specifically, the court found that defendant could not establish prejudice, because he was 21 years old at the time of the offense and, thus, none of the cases that he relied on applied to him. The court, therefore, denied defendant leave to file the petition and dismissed it.

¶ 9     On March 12, 2018, defendant filed a motion for reconsideration, arguing that the trial court erred in characterizing the petition as successive, because it was his first postconviction petition after being resentenced to a 100-year prison term.

¶ 10    On July 9, 2020, the trial court denied the motion for reconsideration without addressing defendant's argument. Defendant timely appealed.

¶ 11                                II. ANALYSIS

¶ 12    Defendant contends that the trial court erred in characterizing his October 2017 *pro se* postconviction petition as a successive petition. Defendant argues that, because the 100-year sentence was a new conviction for purposes of the Act, which could not have been challenged before December 15, 1999, his October 2017 petition was an initial petition. Thus, according to defendant, because the trial court did not dismiss the petition within 90 days as required by the Act, the matter must be remanded for second-stage proceedings. In response, the State does not dispute that the court erred in characterizing the petition as successive. Nevertheless, the State contends that the dismissal should be affirmed. According to the State, the Act's provisions do not apply to defendant because he waived his right to file the petition.

¶ 13    The Act provides a means by which a defendant may challenge his conviction or sentence based on violations of federal or state constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). There is a three-stage process for the adjudication of a defendant's postconviction petition. See *id.* at 471-72. At the first stage of postconviction proceedings, the trial court has 90 days to examine the petition and may within that period summarily dismiss the petition if the court finds the allegations are frivolous and patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2016); *Pendleton*, 223 Ill. 2d at 472. "The 90-day time requirement is mandatory and a trial court's noncompliance with the time requirement renders a summary dismissal order void." *People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010). If the petition is not dismissed within 90 days, the petition proceeds to the Act's second stage of consideration, where an indigent defendant can obtain appointed counsel and the State can move to dismiss his petition. 725 ILCS 5/122-2.1(b),

122-4, 122-5 (West 2016); *Swamynathan*, 236 Ill. 2d at 114. In the second stage, the trial court determines whether the defendant has made a substantial showing of a constitutional violation. If a substantial showing is made, the defendant's petition proceeds to the third stage for an evidentiary hearing; if not, the petition is dismissed. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001)

¶ 14    The Act generally contemplates the filing of one postconviction petition. 725 ILCS 5/122-1(f) (West 2016); *People v. Smith*, 2013 IL App (4th) 110220, ¶ 20. A defendant must obtain leave of court to file a successive petition. 725 ILCS 5/122-1(f) (West 2016); *People v. Lusby*, 2020 IL 124046, ¶ 27. To obtain leave, a defendant must demonstrate "cause" for failing to raise the claim in the initial petition and "prejudice" resulting from that failure. 725 ILCS 5/122-1(f) (West 2016); *Lusby*, 2020 IL 124046, ¶ 27. We review *de novo* the denial of a motion for leave to file a successive petition. *Id.*

¶ 15    First, as noted, the parties do not dispute that the trial court improperly treated defendant's October 2017 petition as a successive petition. We agree. Because defendant agreed to a new sentence after his original death sentence, the resentencing order constituted a separate conviction for purposes of the Act and, thus, his first petition challenging that new sentence was not a successive petition. See, *e.g.*, *People v. Inman*, 407 Ill. App. 3d 1156, 1162 (2011).

¶ 16    Therefore, as the petition was an initial petition, the provisions of the Act required that the trial court examine it within 90 days and determine if it was frivolous or patently without merit. See 725 ILCS 5/122-2.1(a)(2) (West 2016). "Illinois case law provides that the statutory time limit of 90 days is mandatory [citation], and it begins to run upon the 'filing and docketing of each petition.' [Citation.] There are no exceptions to this rule." *People v. Smith*, 312 Ill App. 3d 219, 223 (2000).

¶ 17   Here, because the trial court did not determine that the petition was frivolous or patently without merit within 90 days, we agree that it must be remanded for second-stage proceedings. See *People v. Little*, 2012 IL App (5th) 100547, ¶¶ 2-24 (holding that a remand for second-stage proceedings is required "even if by honest mistake the trial court disposes of a postconviction petition on the erroneous belief that the petition was a successive petition brought without leave of court" and declining the State's request to independently determine whether the petition at issue was frivolous or patently without merit); *Inman*, 407 Ill. App. 3d at 1162-1163 (remanding for second-stage proceedings where the trial court erroneously treated the defendant's initial postconviction petition as a successive petition and failed to dismiss it within 90 days); *People v. Carter*, 383 Ill. App. 3d 795, 797-98 (2008) (remanding for second-stage proceedings where the trial court erroneously treated the defendant's initial postconviction petition as a successive petition and failed to dismiss it within 90 days; also declining the State's invitation to examine the record and determine whether the petition was frivolous or patently without merit).

¶ 18   Although the State argues that the Act's procedural requirements do not apply because defendant knowingly and voluntarily waived his right to file the postconviction petition, the State fails to support this argument with authority. In fact, the State recognizes that *People v. Alfonso*, 2016 IL App (2d) 130568, supports defendant's request for a remand. In *Alfonso*, despite finding that the defendant was properly admonished as to the waiver of his rights to file a postconviction petition, we held that the trial court erred in striking, without first reviewing, the defendant's *pro se* postconviction petition based on the defendant's waiver. *Id.* ¶ 38 ("[B]ecause waivers of rights to file collateral petitions will be upheld only if they are knowing and voluntary [citation], a defendant may still file a postconviction petition claiming that his waiver was not knowing and voluntary."). Noting that 90 days had passed since the defendant filed the petition, and that the filing of a notice

of appeal does not toll the 90 days, we remanded for second-stage proceedings. *Id.* ¶ 39. Thus, under *Alfonso*, defendant's waiver does not render the Act's procedural safeguards inapplicable to his petition.

¶ 19    The State relies on *People v. Reid*, 2014 IL App (3d) 130296, in support of its request that we affirm the trial court's judgment on a basis not relied on by the trial court, *i.e.*, defendant's waiver. However, *Reid* is readily distinguishable. There, despite waiving his right to file a postconviction petition when he pleaded guilty, the defendant filed a *pro se* postconviction petition raising 13 claims of error. *Id.* ¶ 8. The trial court dismissed the petition as frivolous and patently without merit, without addressing the defendant's waiver. *Id.* On appeal, the defendant argued that one of his claims should be advanced to the second stage. *Id.* In addition, the defendant argued that any waiver was not knowing and intelligent, because he was improperly admonished concerning his right to file a postconviction petition. *Id.* The Third District first determined that the defendant was properly admonished regarding the waiver of his right to file a postconviction petition and that, thus, he knowingly and voluntarily waived that right. *Id.* ¶¶ 10-18. The court acknowledged that the trial court did not consider the waiver issue, instead ruling on the merits of the petition. *Id.* ¶ 19. However, noting the principle that a reviewing court considers the correctness of the result reached by the trial court and not the correctness of its reasoning, the court held that, because the defendant waived his right to file the petition, it was properly dismissed. *Id.*

¶ 20    *Reid* is readily distinguishable because the petition there was dismissed in compliance with the Act's 90-day requirement. Here, to affirm based on waiver would require us to ignore the plain language of the Act. This we cannot do.

¶ 21    Because the trial court did not review defendant's *pro se* petition within 90 days to determine whether it was frivolous or patently without merit, we reverse the dismissal of the

petition and remand this case for further proceedings under sections 122-4 through 122-6 of the Act (725 ILCS 5/122-4-122-6 (West 2016)). *Id.* § 122-2.1(b); *People v. Taylor*, 2022 IL App (2d) 190951, ¶ 36; *Little*, 2012 IL App (5th) 100547, ¶ 24. We note that nothing in our disposition would prevent the State, or even postconviction counsel (*People v. Kuehner*, 2015 IL 117695, ¶ 21) from arguing at the second stage that defendant waived his right to file a petition, or that the petition was untimely—the latter claim of course being exclusive to second-stage proceedings (*People v. Boclair*, 202 Ill. 2d 89, 97-103 (2002)).

¶ 22                                    III. CONCLUSION

¶ 23    For the reasons stated, we reverse the judgment of the circuit court of Lake County and remand for second-stage postconviction proceedings.

¶ 24    Reversed and remanded with directions.