NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220410-U

NO. 4-22-0410

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 7, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Henry County |
| STEVE THOMPSON, | ) | No. 97CF5 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James J. Cosby, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: A postconviction petition filed after resentencing should be treated as an initial petition instead of a successive petition.

¶ 2    Defendant, Steve Thompson, petitioned for postconviction relief. The circuit court of Henry County granted a motion by the State to dismiss the petition. The rationale for the dismissal was that the petition was successive and defendant never obtained the court's permission to file the successive petition. See 725 ILCS 5/122-1(f) (West 2014). In our *de novo* review (see *People v. Moore*, 2020 IL App (1st) 190435, ¶ 11), we conclude that the petition at issue was not a successive petition within the meaning of section 122-1(f) but that it was, instead, an initial petition, given that defendant filed it after resentencing (see *People v. Inman*, 407 Ill. App. 3d 1156, 1162 (2011)). Therefore, we reverse the judgment, and we remand this case with directions to appoint new postconviction counsel and to conduct further postconviction proceedings.

¶ 3                                  I. BACKGROUND

¶ 4          The indictment against defendant had two counts. Count I alleged that on January 3, 1997, he committed felony murder (720 ILCS 5/9-1(a)(3) (West 1996)) in that while committing aggravated battery of a child (*id.* § 12-4.3(a))—specifically, by striking Chardae Williams on the head and by violently shaking her—he caused her death. On the basis of the same conduct, count II charged defendant with aggravated battery of a child (*id.*).

¶ 5          On July 10, 1997, a jury returned guilty verdicts on both counts. The jury, however, found defendant to be ineligible for the death penalty.

¶ 6          On July 11, 1997, pursuant to section 5-8-1(a)(1)(c)(ii) of the Unified Code of Corrections, the circuit court sentenced defendant to natural life imprisonment for count I. See 730 ILCS 5/5-8-1(a)(1)(c)(ii) (West 1996) (prescribing mandatory life imprisonment for any person 17 years or older convicted of murdering a child younger than 12 years old, provided the offender is not sentenced to death). The court imposed no sentence for count II, finding that count II merged into count I.

¶ 7          Defendant took a direct appeal. On January 22, 1999, pursuant to the one-act, one- crime doctrine, the appellate court vacated the conviction on count II but otherwise affirmed the circuit court's judgment. *People v. Thompson*, No. 3-98-0199, at 3-4 (Jan. 22, 1999) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8          On September 18, 2006, defendant petitioned, *pro se*, for postconviction relief. The petition raised numerous claims. The circuit court appointed postconviction counsel.

¶ 9          On March 2, 2010, on the authority of *People v. Wooters*, 188 Ill. 2d 500 (1999), postconviction counsel moved to vacate the sentence of life imprisonment. In *Wooters*, the

supreme court held that section 5-8-1(a)(1)(c)(ii) violated the single subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8). *Wooters*, 188 Ill. 2d at 502.

¶ 10 On February 1, 2011, postconviction counsel filed a second amended petition for postconviction relief, which, on June 6, 2011, the State moved to dismiss. In its motion for dismissal, however, the State conceded that the natural life prison sentence was unconstitutional and that defendant was entitled to a new sentencing hearing.

¶ 11 On May 22, 2012, on the ground of untimeliness, the circuit court granted the State's motion to dismiss the second amended petition for postconviction relief. The court, however, granted defendant's motion to vacate the sentence of natural life imprisonment. Defendant appealed the dismissal of his second amended petition.

¶ 12 On September 28, 2012, the circuit court resentenced defendant to 52 years' imprisonment. Defendant again appealed.

¶ 13 Thus, at that point, defendant had two pending appeals: (1) the appeal of the dismissal of his second amended petition for postconviction relief and (2) the appeal of his new sentence of 52 years' imprisonment.

¶ 14 On November 13, 2014, after consolidating the two appeals, the appellate court affirmed the dismissal of the second amended postconviction petition because the petition was filed before resentencing and was not refiled after resentencing. *People v. Thompson*, 2014 IL App (3d) 120895-U, ¶ 17. Also, the appellate court affirmed the 52-year prison sentence, finding no abuse of discretion in the sentence. *Id.* ¶ 23.

¶ 15 On June 22, 2015, defendant filed a new petition for postconviction relief. This petition made four claims: (1) defense counsel suborned perjury by advising defendant to testify that he had bitten the victim, (2) defense counsel rendered ineffective assistance by failing to hire

a forensic odontologist to dispute the testimony of the State's odontologist that defendant had inflicted the bite mark, (3) recent medical opinions debunking the diagnosis of shaken baby syndrome established defendant's innocence, and (4) defense counsel rendered ineffective assistance by failing to object to evidence of the victim's preexisting injuries.

¶ 16    The circuit court appointed postconviction counsel. On May 18, 2018, postconviction counsel moved to withdraw because, in his view, the petition was successive and defendant could not meet the cause-and-prejudice test. See 725 ILCS 5/122-1(f) (West 2018). On July 6, 2018, the circuit court granted the motion for withdrawal.

¶ 17    On August 30, 2021, the State moved to dismiss the postconviction petition on the grounds that it was a successive petition, defendant had never obtained permission to file it, and he could not show cause and prejudice. See *id.* On May 13, 2022, the circuit court granted the State's motion on those grounds.

¶ 18    This appeal followed.

¶ 19                                II. ANALYSIS

¶ 20    Defendant contends that, under *Inman*, the circuit court should have regarded his postconviction petition of June 2015 as an initial petition instead of as a successive petition.

¶ 21    In *Inman*, after twice petitioning—unsuccessfully—for postconviction relief (*Inman*, 407 Ill. App. 3d at 1157), the defendant petitioned for relief under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2000)). *Inman*, 407 Ill. App. 3d at 1157-58. This time, he claimed that his sentence of life imprisonment for murder had been imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Inman*, 407 Ill. App. 3d at 1158. The circuit court construed the section 2-1401 petition as a postconviction petition. *Id.* Then, agreeing with the *Apprendi* challenge, the court vacated the sentence of life imprisonment (*id.*) and

resentenced the defendant to 35 years' imprisonment for murder, ordering that this prison term run consecutively to a 30-year prison term for attempted murder (*id.* at 1159). The defendant took a direct appeal, claiming that the consecutive sentencing was an abuse of discretion. *Id.* The appellate court affirmed the sentences. *Id.*

¶ 22 After the issuance of the decision on direct appeal, the defendant in *Inman* petitioned for postconviction relief, raising two issues. *Id.* First, he claimed that the resentencing had exposed him to double jeopardy. *Id.* at 1159-60. Second, he claimed that counsel on direct appeal had rendered ineffective assistance by failing to argue that the jury never intended to convict the defendant of attempted murder. *Id.* at 1160. The circuit court dismissed the petition on the grounds that it was a successive petition and the defendant never obtained permission to file it. *Id.*

¶ 23 The appellate court in *Inman* reversed the dismissal (*id.* at 1163) because the resentencing resulted in a separate "conviction" (*id.* at 1162), a term that, in the context of the Post-Conviction Hearing Act, the supreme court had defined to mean a finding of guilt *plus* a sentence (*id.* at 1161 (citing *People v. Woods*, 193 Ill. 2d 483, 488-89 (2000))). When the circuit court vacated the sentence of life imprisonment and imposed a new sentence, a separate conviction resulted. *Id.* at 1162. Because "the petition at issue [was] the first petition filed by the defendant challenging" that separate conviction, "including the sentence," the defendant did not need the circuit court's permission to file the petition. *Id.*

¶ 24 Likewise, in the present case, the 2015 petition was the first petition that defendant filed after being resentenced in 2012. Therefore, under *Inman*, the petition should have been regarded as an initial petition instead of as a successive petition.

¶ 25 III. CONCLUSION

¶ 26        For the foregoing reasons, we reverse the circuit court's judgment, and we remand this case with directions to appoint new postconviction counsel and to conduct further postconviction proceedings.

¶ 27        Reversed and remanded with directions.