Docket No. 108465.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ROBERT JOCKO, Appellee.

*Opinion filed November 18, 2010.*


JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Thomas, Garman, Karmeier, and Theis concurred in the judgment and opinion.


## OPINION


At issue in this appeal is whether a circuit court is required to conduct an inquiry, prior to trial, into allegations of ineffective assistance of counsel that are raised by a defendant *pro se*. Relying on *People v. Krankel*, 102 Ill. 2d 181 (1984), the appellate court concluded that such an inquiry is required and because the circuit court did not undertake one, the appellate court remanded the cause to the circuit court for the limited purpose of conducting an inquiry into the defendant's claims of ineffective assistance of counsel. 389 Ill. App. 3d 247. For the reasons that follow, we reverse the judgment of the appellate court.

## Background

The defendant, Robert Jocko, was charged in the circuit court of Cook County with burglary for having removed power tools valued at over $300 from a garage on July 6, 2005. At his arraignment on August 25, 2005, defendant was represented by Assistant Public Defender Rosenthal, who entered a plea of not guilty and filed a written motion for discovery on defendant's behalf. On November 17, 2005, Assistant Public Defender Mularski, who had been appointed to represent defendant, filed a motion to quash defendant's arrest and suppress evidence. The motion was heard on February 16, 2006, and denied.

On April 25, 2006, defendant filed a *pro se* "Motion to Dismiss Based on Due Process Violation." Included among defendant's allegations in this motion was the claim that "Counsel was not present during ARRAINMENT [*sic*] or BAIL HEARING." The motion alleged that defendant never spoke with an attorney during arraignment and that the arraignment judge "did not ask where my counsel was." Defendant's motion was placed on the circuit court's call for May 2, 2006, and then rescheduled for May 25, 2006. However, there was no discussion of the *pro se* motion on that date or any subsequent date.

On September 6, 2006, Assistant Public Defender Fadell, the attorney who ultimately represented defendant at trial, entered an appearance on defendant's behalf. In the record is a document titled "Affidavit" that is signed by defendant. The "affidavit" is not file-stamped but it bears a handwritten date of "9-6-06." The "affidavit" states that it is submitted in support of a motion to suppress evidence and states that the police "held me in custody and brought me before an alleged victim with out [*sic*] affording me the right to have a lawyer present and depriving me of my other legal rights." There is no indication in the record that the circuit court addressed or was aware of this "affidavit."

Thereafter, defendant sent an undated letter to the office of the clerk of the circuit court of Cook County, which was file-stamped on December 14, 2006. On the back of the accompanying envelope is a handwritten note that states "12-20-06 opened." In the letter, the defendant asks that it be placed in his "master file as a legal document in case I have to argue on appeal." The letter states that it is in regards

to his counsel "not raissing [*sic*] certen [*sic*] issues in my case that is [*sic*] material and relevant evidence that pertain [*sic*] to my case." The letter goes on to claim that defendant has "requested certain affidavits and subpoenas to be entered and my lawyer has advised me that it would notbe [*sic*] to my best interests, and I have also requested for the 911 Motor Rola [*sic*] conversation to be entered as evidence in my behave [*sic*] and his statement responce [*sic*] was that they do not hold them after thirty days." The defendant also wrote that Fadell was not "fighting my case to the best of intrest [*sic*]." There is no indication in the record that the circuit court addressed or was aware of this letter.

The defendant was convicted in March 2007 and sentenced on April 6, 2007.

On appeal, defendant alleged, among other things, that the circuit court should have conducted an inquiry into the various claims of deficient representation raised in his *pro se* documents. The appellate court agreed and, in so holding, concluded that this court's decision in *People v. Krankel*, 102 Ill. 2d 181 (1984), "should be applied to pretrial claims." 389 Ill. App. 3d at 267. The appellate court explained that

> "as a matter of judicial economy, it makes more sense to encourage defendants to bring their claims of ineffective assistance of counsel to a trial court's attention before trial, rather than after. If there is a problem, it can be cured, before all the parties and witnesses go through the time and expense of a trial that may later be overturned on a posttrial motion or on appeal." 389 Ill. App. 3d at 266-67.

The cause was remanded for the limited purpose of an inquiry into defendant's claims of ineffective assistance of counsel. 389 Ill. App. 3d at 268.

We granted the State's petition for leave to appeal. 210 Ill. 2d R. 315.

Analysis

In *People v. Krankel*, 102 Ill. 2d 181 (1984), the defendant filed a *pro se* motion for a new trial in which he alleged that his trial counsel was ineffective. The defendant was denied new counsel to

assist him in the motion. On appeal, this court remanded the cause for a new hearing on the defendant's motion, with instructions to have defendant represented by appointed counsel other than his trial counsel. *Krankel*, 102 Ill. 2d at 189. *Krankel* thus adopted a procedure that encourages the circuit court to fully address a defendant's claims of ineffective assistance and thereby potentially narrow the issues that need to be addressed on appeal.

Cases subsequent to *Krankel* have made clear, however, that newly appointed counsel

> "is not automatically required in every case in which a defendant presents a *pro se* posttrial motion alleging ineffective assistance of counsel. Rather, when a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the trial court should first examine the factual basis of the defendant's claim. If the trial court determines that the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* motion. However, if the allegations show possible neglect of the case, new counsel should be appointed." *People v. Moore*, 207 Ill. 2d 68, 77-78 (2003).

In the present case, the State contends that the appellate court erred in holding that *Krankel* should be applied by a circuit court before trial because until the proceedings have concluded, there is no way to determine if counsel's errors affected the outcome and, therefore, no way of establishing prejudice under *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). The State does not dispute that there may be some instances when a circuit court is obligated to investigate potential sixth amendment violations prior to trial, but the State observes that these are instances where the circuit court is not required to consider the possible prejudicial effect on the outcome of the proceedings. See, *e.g.*, *Holloway v. Arkansas*, 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173 (1978) (when a potential conflict of interest is brought to the court's attention at an early stage, the court is obligated to either appoint separate counsel or take adequate steps to ascertain whether the risk of conflict is too remote to warrant separate counsel); *United States v. Cronic*, 466 U.S. 648, 80 L. Ed. 2d 657, 104 S. Ct. 2039 (1984) (complete deprivation of counsel). According to the State,

because *Strickland* claims cannot be resolved prior to trial, *Krankel* is inapposite in that context. We agree.

Under *Strickland*, a defendant alleging ineffective assistance of counsel must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. The fundamental problem with addressing *Strickland* claims prior to trial is that the outcome of the proceeding has not yet been determined. Because there is no way to determine if counsel's errors have affected an outcome that has not yet occurred, the circuit court cannot engage in this analysis prior to trial. Accordingly, we reject the appellate court's conclusion that a circuit court is obligated to address a *pro se* defendant's *Strickland* claims prior to trial.

The appellate court in this case also expressed concern that defendant's claims in this case

> "were never heard. They were simply lost in a shuffle of changing attorneys and adjourned dates. Their loss makes the wheels of justice seem completely random, almost like a roulette wheel. This, we cannot tolerate." 389 Ill. App. 3d at 267.

Generally a *pro se* defendant is not obligated to renew claims of ineffective assistance once they are made known to the circuit court (see *Moore*, 207 Ill. 2d at 79), and there is, of course, nothing to prevent a circuit court from addressing, at the conclusion of trial, a *pro se* claim of ineffective assistance that was previously raised by the defendant. In this case, however, we cannot fault the circuit court for not pursuing defendant's *pro se* claims further. First, defendant's contention that he was not represented by counsel at arraignment is refuted by the record, which clearly indicates that counsel was present during that proceeding. With respect to defendant's letter and "affidavit," defendant's only contention regarding the documents in this appeal is that the circuit court erred in failing to further inquire into the *pro se* contentions contained therein, and not that the contentions themselves have merit. However, it appears from the record that the circuit court, defendant's counsel, and the State were

all unaware of these documents as no mention was made of them at any point in the proceedings by defendant or anyone else. We cannot criticize the circuit court for failing to take action on defendant's concerns when there is no indication that the court was ever made aware of them.

Conclusion

For the foregoing reasons, the judgment of the appellate court remanding the cause to the circuit court is reversed and the judgment of the circuit court is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*