# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***People v. Whitaker*, 2012 IL App (4th) 110334**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES A WHITAKER, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0334 |
| Filed | August 22, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Neither defendant's letter to one of his judges nor his testimony at the hearing on his motion to withdraw his guilty plea amounted to a *pro se* claim of ineffective assistance of counsel sufficient to require the trial court to conduct a *Krankel* inquiry. |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 07-CF-578; the Hon. Timothy J. Steadman, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Duane E. Schuster, all of State Appellate Defender's Office, of Springfield, for appellant.

Jack Ahola, State's Attorney, of Decatur (Patrick Delfino and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion.

Justices Pope and Knecht concurred in the judgment and opinion.

## OPINION

¶ 1    As a result of defense counsel's failure to file the attorney's certificate required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2006), this court remanded case No. 07-CF-578 (case 578) of defendant, James A. Whitaker, to the Macon County circuit court. *People v. Whitaker*, No. 4-08-0926, slip order at 6 (Nov. 13, 2009) (unpublished order under Supreme Court Rule 23). On remand, defendant filed a February 2010 letter, raising some complaints about counsel and requesting to be present at what the docket sheets refer to as a "pre-trial." Moreover, defense counsel filed (1) a motion to withdraw defendant's guilty plea, asserting defendant did not understand the consequences of his plea, and (2) a proper Rule 604(d) certificate. In April 2011, the court held a hearing on defendant's motion to withdraw his guilty plea and denied it. At the hearing, defendant testified his counsel had told him he would receive an 18-month sentence.

¶ 2    Defendant appeals, asserting only this court should again remand case 578 to the trial court for an inquiry into his *pro se* ineffective-assistance-of-counsel claims that were raised in his February 2010 letter and during his testimony at the hearing on his motion to withdraw his guilty plea. We affirm.

¶ 3                I. BACKGROUND

¶ 4    In April 2007, the State charged defendant with one count of driving while license revoked with a prior conviction for driving while license revoked (625 ILCS 5/6-303(a), (d) (West 2006)) in case 578. In August 2007, the case was assigned to Judge Katherine McCarthy. Defendant later received additional charges in a separate case, case No. 07-CF-1595 (case 1595), and that case was also before Judge McCarthy.

¶ 5    In January 2008, Judge Timothy J. Steadman held a plea hearing on the charge in case 578, at which defendant entered an open plea of guilty to the State's charge. Defendant was

represented by David Ellison at the plea hearing. After indicating it was an open plea, Ellison stated the following: "And I understand that when he enters his plea that you're going to have to send it back to Judge McCarthy for sentencing. I've discussed that with him and he's agreeable to it." The following exchange between the trial court and defendant also took place.

"THE COURT: Is anybody forcing to you [*sic*] plead guilty to this?

THE DEFENDANT: No, sir.

THE COURT: Have any promises been made to you by anyone to get to you [*sic*] plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Mr. Ellison is your attorney. Has he answered any questions you might have had about your case to your satisfaction?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand whatever the sentence is, is entirely up to Judge McCarthy?

THE DEFENDANT: Yes, sir.

THE COURT: Are you pleading guilty of your own free will?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about what you are charged with? Your rights? Possible sentences? Or anything else?

THE DEFENDANT: No, sir."

¶ 6 In case 1595, a jury found defendant guilty of one count of burglary (720 ILCS 5/19-1(a) (West 2006)) related to a Kroger store.

¶ 7 At a joint March 2008 hearing, Judge McCarthy sentenced defendant to consecutive prison terms of 3 years in case 578 and 13 years in case 1595. In April 2008, defendant filed motions to reconsider his sentence in both cases, and the court denied both of them. Defendant appealed both cases. As stated, we remanded case 578 due to the lack of Rule 604(d) certificate. *Whitaker*, slip order at 6.

¶ 8 On remand, Judge McCarthy set a status hearing for February 16, 2010. Neither defendant nor Ellison appeared at the status hearing, and Judge McCarthy set a "pre-trial" for March 2, 2010. According to a February 24, 2010, docket entry, a letter from defendant was "placed on file." The letter was addressed to Judge McCarthy and stated the following:

"I'm James Whitaker case # 2007CF578 my concern is the fact that I was not sent a writ for Feb. 16, 2010 so I was just informed by a friend that there is a pretrail set for March 2nd 2010 and this being Feb 20, 2010 and there still been no contract from the court or an attorney I'm beginning to wonder why I haven't been contracted for one for two as far as I'm concerned Mr. Ellison did not preform his duty correctly the frist time and he lied to me about what would happen the amount of time I would receive if I lost and the deals that were place on the table, so I find that this is a major confict of instress on my part and the fact that I believed that I would receive far less time if I lost and the

fact that he felled to advise me of a right to a 402 confrence there are a lot of reasons for this mistrust not to mention the fact of non communication on his behalf. So to save time and energy I respectfully ask that you please make it possible that I am there so that I can speak for myself if need be.

I thank you for your time in this matter." (Spelling and punctuation in original.)

¶ 9    On March 2, 2010, Judge McCarthy held the "pre-trial," at which Ellison was present but not defendant. On April 20, 2010, Ellison filed a motion to withdraw defendant's guilty plea and a Rule 604(d) certificate. In August 2010, Judge McCarthy transferred the case to Judge Steadman because he was the judge who accepted defendant's guilty plea. In February 2011, Judge Steadman ordered Ellison to file a new Rule 604(d) certificate because the one on file was defective. On February 24, 2011, Ellison filed a second Rule 604(d) certificate, which Judge Steadman found was compliant with the rule.

¶ 10    On April 18, 2011, Judge Steadman held a hearing on defendant's motion to withdraw his guilty plea. Defendant testified that, when he pleaded guilty, he believed he was receiving an 18-month sentence. On cross-examination, the following exchange took place:

"Q. We are talking about the plea in this particular case. Don't care about pleas that you've entered before. Did anyone, when you entered a plea on the date that you pled guilty in this case, tell you that you were going to get an 18-month sentence?

A. About a week before that, my attorney informed me that I was still to receive the 18-month sentence."

Ellison argued that, when defendant pleaded guilty, he thought he was getting the 18-month sentence he had previously been offered, and thus defendant should be allowed to withdraw his plea. The court rejected the argument and denied defendant's motion, noting a plea agreement was not set forth at defendant's plea hearing because one did not exist. The court also noted defendant's affirmative response at the plea hearing to its question whether defendant understood his sentence would be entirely up to Judge McCarthy.

¶ 11    The same day as the postplea hearing, defendant filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Mar. 20, 2009). Thus, this court has jurisdiction under Rule 604(d).

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, defendant only alleges the trial court erred by failing to conduct an inquiry into his postplea ineffective-assistance-of-counsel claims as required by *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984), and its progeny. Defendant notes he (1) sent a letter in February 2010 to Judge McCarthy, in which he complained about counsel's performance, and (2) testified at the hearing on his motion to withdraw the plea that counsel had told him he would receive an 18-month sentence. The State contends the court was not required to hold a *Krankel* inquiry.

¶ 14    When a defendant raises a *pro se* allegation of ineffective assistance of counsel, new counsel is not automatically appointed. *People v. Taylor*, 237 Ill. 2d 68, 75, 927 N.E.2d 1172, 1175 (2010). Under the rule that has developed beginning with *Krankel*, the trial court

first examines the factual basis of the defendant's claim. *Taylor*, 237 Ill. 2d at 75, 927 N.E.2d at 1175. "If the court determines the claim lacks merit or pertains only to matters of trial strategy, new counsel need not be appointed and the *pro se* motion may be denied. However, if the defendant's allegations show possible neglect of the case, new counsel should be appointed to argue the defendant's claim of ineffective assistance." *Taylor*, 237 Ill. 2d at 75, 927 N.E.2d at 1175-76. In this case, the issue is whether defendant's letter and his statement during his testimony at the hearing on his motion to withdraw his guilty plea constituted a *pro se* claim of ineffective assistance of counsel sufficient to trigger the trial court's duty to conduct the initial *Krankel* inquiry.

¶ 15    To raise an ineffective-assistance-of-counsel claim, our supreme court has held "a *pro se* defendant is not required to do any more than bring his or her claim to the trial court's attention." *People v. Moore*, 207 Ill. 2d 68, 79, 797 N.E.2d 631, 638 (2003). In support of that conclusion the supreme court cited two appellate court decisions, *People v. Giles*, 261 Ill. App. 3d 833, 635 N.E.2d 969 (1994), and *People v. Finley*, 222 Ill. App. 3d 571, 584 N.E.2d 276 (1991). In those cases, "the 'claim' was included in correspondence to the trial court." *Taylor*, 237 Ill. 2d at 76, 927 N.E.2d at 1176.

> "In *Giles*, '[a]fter defendant's trial and before his sentencing hearing, defendant sent a letter to the trial court criticizing his counsel's performance.' *Giles*, 261 Ill. App. 3d at 846[, 635 N.E.2d at 978]. The letter included five separate bases for claiming that counsel was ineffective. Similarly, in *Finley*, following defendant's conviction, he 'wrote three letters to the trial judge' providing the names of potential witnesses. *Finley*, 222 Ill. App. 3d at 576[, 584 N.E.2d at 279]. Defendant 'charged that his public defender did not attempt to contact these potential witnesses and that she "did not represent me to the best of her ability." ' *Finley*, 222 Ill. App. 3d at 576[, 584 N.E.2d at 279]." *Taylor*, 237 Ill. 2d at 76, 927 N.E.2d at 1176.

Since *Moore*, our supreme court has explained that, while neither of the aforementioned " 'claims' " was conventional, each expressly complained about counsel's performance. *Taylor*, 237 Ill. 2d at 76, 927 N.E.2d at 1176.

¶ 16    In *Taylor*, 237 Ill. 2d at 77, 927 N.E.2d at 1177, our supreme court found the defendant's statements did not warrant a *Krankel* inquiry. At sentencing, the defendant's statements indicated he would have accepted the State's plea offer if he had understood he would receive a prison term of 6 to 30 years if he was found guilty of the charged offense. *Taylor*, 237 Ill. 2d at 73-74, 927 N.E.2d at 1174-75. The supreme court declared that, "[i]f defendant's statement in the case at bar were deemed sufficient to require a *Krankel* inquiry, few statements would be insufficient." *Taylor*, 237 Ill. 2d at 77, 927 N.E.2d at 1177. Moreover, the supreme court noted "nowhere in defendant's statement at sentencing did he specifically complain about his attorney's performance, or expressly state he was claiming ineffective assistance of counsel." *Taylor*, 237 Ill. 2d at 76, 927 N.E.2d at 1176. The court also stated the following:

> "In addition, because of the rambling nature of defendant's statement, it is amenable to more than one interpretation. For example, according to the State, 'defendant's statement merely shows regret at not accepting the more advantageous plea deal before trial, and

not that he rejected the offer based upon a material misunderstanding of what sentence he faced.' See *People v. Grant*, 71 Ill. 2d 551, 557-58[, 377 N.E.2d 4, 7] (1978) (rejecting argument that trial court erred in failing to give particular jury instruction, stating: 'If a defendant does not articulate his theory *** he cannot reasonably expect the trial court, unaided, to divine his intent')." *Taylor*, 237 Ill. 2d at 77, 927 N.E.2d at 1177.

¶ 17    Since *Taylor*, the supreme court has addressed *Krankel* two more times. In *People v. Jocko*, 239 Ill. 2d 87, 93-94, 940 N.E.2d 59, 63 (2010), the supreme court also found the facts of the case did not warrant a *Krankel* inquiry. In reaching that conclusion, the court noted the defendant's claim he was not represented by counsel at his arraignment was refuted by the record. *Jocko*, 239 Ill. 2d at 93, 940 N.E.2d at 63. With respect to the defendant's " 'affidavit' " and a letter to the office of the clerk of the circuit court in which the defendant allegedly raised ineffective-assistance-of-counsel claims, the supreme court stated the record indicated the trial court, defense counsel, and the State were all unaware of the documents as "no mention was made of them at any point in the proceedings by the defendant or anyone else." *Jocko*, 239 Ill. 2d at 93-94, 940 N.E.2d at 63. The court refused to criticize the trial court for failing to take action on the defendant's concerns when nothing indicated the court was ever made aware of them. *Jocko*, 239 Ill. 2d at 94, 940 N.E.2d at 63.

¶ 18    In *People v. Patrick*, 2011 IL 111666, ¶ 42, 960 N.E.2d 1114, the supreme court held a defendant could seek a new trial based on ineffective-assistance-of-counsel claims more than 30 days after a finding of guilt but before a notice of appeal has been filed. Since the trial court had refused to examine the defendant's *pro se* ineffective-assistance-of-counsel claims raised after the 30-day period, the supreme court remanded the cause for the trial court for a *Krankel* inquiry. *Patrick*, 2011 IL 111666, ¶ 43, 960 N.E.2d 1114.

¶ 19    Here, defendant asserts he raised a *pro se* ineffective-assistance-of-counsel claim in the trial court with his February 2010 letter and his testimony at the hearing on his motion to withdraw his guilty plea, in which defendant stated his counsel informed him he would receive an 18-month sentence if he pleaded guilty. Defendant's testimony at the April 2011 hearing on defendant's postplea motion does not warrant a *Krankel* hearing under *Jocko*. At the hearing, defendant indicated he believed he would receive an 18-month sentence because a week before the plea hearing, his attorney told him he would receive an 18-month sentence. The trial court found defendant's belief he would receive an 18-month sentence was refuted by the record at the January 2008 plea hearing because defendant indicated he understood his sentence would be "entirely" up to Judge McCarthy. The transcript of the January 2008 plea hearing confirms defendant did answer in the affirmative when asked whether he understood the sentence is "entirely up to Judge McCarthy." The transcript also shows defense counsel discussed with defendant and defendant agreed his case would go to Judge McCarthy for sentencing. Moreover, defendant answered in the negative when asked if any promises had been made to defendant by anyone to get him to plead guilty. Thus, as in *Jocko*, defendant's contention based on his testimony at the April 2011 hearing does not require a *Krankel* hearing because it is refuted by the record. Moreover, the trial court did address defendant's testimony in ruling on defendant's motion to withdraw his guilty plea as it found defendant's belief he would receive an 18-month sentence was refuted by defendant's statements at his plea hearing.

¶ 20      Whether defendant's February 2010 letter warrants a *Krankel* inquiry is not as clear as defendant's testimony. While the record does not suggest the court or any attorneys were made aware of the letter as defendant addressed the letter to a judge different from the one who presided over the hearing on the postplea motion, defendant did attempt to raise an issue *pro se* at the end of the postplea motion but was stopped by the trial judge. Under *Patrick*, 2011 IL 111666, ¶ 42, 960 N.E.2d 1114, defendant still had the ability to raise a *pro se* ineffective-assistance-of-counsel claim. Thus, if defendant had been able to raise an ineffective-assistance-of-counsel claim at the postplea hearing, the court would have been required to conduct a *Krankel* inquiry. We find defendant's attempt to raise a matter at the postplea hearing distinguishes this case from the cases where the defendants never attempted to raise the claim in court (see *Jocko*, 239 Ill. 2d at 94, 940 N.E.2d at 63; *People v. Allen*, 409 Ill. App. 3d 1058, 1077, 950 N.E.2d 1164, 1182 (2011); *People v. Lewis*, 165 Ill. App. 3d 97, 109, 518 N.E.2d 741, 749 (1988)). Accordingly, since the trial court refused to allow defendant to raise a matter at the postplea hearing, defendant's failure to bring the letter to the court's attention does not render remand for a *Krankel* hearing unnecessary.

¶ 21      Now, we examine whether the contents of the letter warranted a *Krankel* inquiry. In the letter, defendant neither (1) stated he was denied effective assistance of counsel nor (2) requested new counsel. While he raises specific complaints about his attorney's performance in the February 2010 letter, defendant expressly requests to be present at the "pre-trial" but does not request new counsel. Defendant is correct this is not a case about whether the complaints about counsel were specific enough. While defendant made general allegations, he also made specific allegations such as (1) counsel's failure to inform him of his right to a conference under Illinois Supreme Court Rule 402 (eff. July 1, 1997) and (2) counsel's lying to defendant about the State's offers and the potential sentence he would receive if he "lost." Thus, we need not resolve the conflict in case law regarding bare allegations that the parties highlighted. The issue here is whether defendant's request for relief other than new counsel makes a *Krankel* inquiry unwarranted. Defendant's complaints appear to be an explanation of why he sought to contact the judge directly to obtain a writ so he could be present at a March 2, 2010, "pre-trial." As in *Taylor*, defendant's letter is subject to more than one interpretation and is not clearly an ineffective-assistance-of-counsel claim. To find defendant's letter was an ineffective-assistance-of-counsel claim would require the trial court to divine defendant's intent since defendant had only requested to be present at the "pre-trial." Thus, the contents of defendant's letter did not sufficiently raise an ineffective-assistance-of-counsel claim that required the trial court to conduct a *Krankel* hearing.

¶ 22                                    III. CONCLUSION

¶ 23      For the reasons stated, we affirm the Macon County circuit court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 24

¶ 25      Affirmed.