2024 IL App (2d) 240441-U
No. 2-24-0441
Order filed November 7, 2024, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-1292 |
| DANIEL B. PEDERSON, | ) ) | Honorable Salvatore LoPiccolo and John Barsanti, |
| Defendant-Appellant. | ) | Judges, Presiding. |

PRESIDING JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen and Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the trial court's detention order over defendant's timeliness argument where he waived the issue, and the incomplete record does not establish error.

¶ 2    In this interlocutory appeal under Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), defendant, Daniel B. Pederson, timely appeals the order of the circuit court of Lake County granting the State's petition to detain him pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), and Public Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date

as September 18, 2023), commonly known as the Pretrial Fairness Act. For the following reasons, we affirm.

¶ 3                               I. BACKGROUND

¶ 4     On June 28, 2024, the State charged defendant with threatening a public official, a class 3 felony (720 ILCS 5/12-9(a) (West 2022)). The State alleged that "defendant knowingly conveyed directly or indirectly, to a public official, being Judge Michael Nerheim, of Lake County[,] Illinois, a communication containing a threat that would place Judge Michael Nerheim in reasonable apprehension of immediate or future bodily harm."

¶ 5     Defendant first appeared in court on June 29, 2024, represented by Lake County assistant public defender Moira Mercure. On the same day, the State filed a verified petition to detain him pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). The record does not contain a transcript or bystander's report of the proceedings that occurred on this day. The court set the detention hearing for July 2, 2024.

¶ 6     On July 2, 2024, the court, Judge Salvatore LoPiccolo, of Kane County, presiding, heard the State's petition to detain defendant. The State proffered that on June 14, 2024, defendant walked up to a security guard at the Riverwalk in Chicago and pushed a note to the guard's chest. The note contained the name of "George Gass, FBI Counter Terrorism," and the address of the Lake County courthouse in Waukegan, followed by "Massive Shooting, "Military Precision," "DA. Justices = Targets" and "C-103." At the time, Lake County courtroom C-103 was the assigned courtroom of Judge Michael Nerheim, the former Lake County State's Attorney.

¶ 7     On June 27, 2024, defendant returned to the Riverwalk and asked the same security guard about the status of his June 14 note. Riverwalk security notified Task Force Officer Gass of the Federal Bureau of Investigations Counter Terrorism Task Force, that defendant was back and Gass

responded to the scene. Upon Gass' arrival, defendant was still at the scene. After a brief conversation defendant became irate. Gass stepped away and requested that Chicago Police officers respond to the scene. While waiting for the officers to arrive, Gass heard defendant make more threats, including threats to harm Gass.

¶ 8   The State also proffered that in 2014, when Nerheim was the acting Lake County State's Attorney, defendant was charged and subsequently convicted of making a terrorist threat to public officials in Lake County. In 2018, the court sentenced defendant to six years' imprisonment.[1] Further, defendant had been convicted of violating an order of protection and three counts of harassment by telephone. According to the State, defendant:

> "[V]iolated court conditions in the past like 10 CM 2009 with three PTRs [petitions to revoke probation], and three PTRs were filed in 08 CM 3044 which ultimately led the Court to throw up its hands and revoke this defendant's probation taking him from supervision to probation to ultimately 180 days in the Lake County jail."

¶ 9   The trial court found that the State proved by a clear and convincing evidence that the proof was evident, and the presumption was great that defendant committed a detainable offense, and that defendant posed:

> "[A] real and present threat to the safety of Judge Nerheim based on specific articulable facts in this record being, again, the prior history between the two threats made by this defendant to Judge Nerheim and the specifics that he's put in the note which indicates again that he's targeting now Judge Nerheim; then [State's] Attorney Nerheim."

---

[1] We affirmed the trial court's judgment entered on the jury's verdict finding defendant guilty of making a terrorist threat (720 ILCS 5/29D-20(a) (West 2014)), and sentence of six years in prison. *People v. Pederson*, 2021 IL App (2d) 180554-U.

The court also found that the proof was evident, and the presumption was great that no condition or combination of less restrictive conditions of pretrial release could mitigate the real and present threat posed by defendant to the safety of the alleged victim in this matter. The court stated:

"Electronic home monitoring and GPS also would not protect Judge Nerheim from the real and present threat posed by this defendant because the electronic home monitoring and GPS would not prevent the defendant from arming himself, also would not prevent him from going to the courthouse. *** [Defendant] has shown by his past that merely telling him that he can't go somewhere isn't going to stop him."

¶ 10    The trial court granted the State's petition to detain defendant.

¶ 11    On July 30, 2024, defendant filed a motion seeking pretrial relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. April 15, 2024). Defendant argued that the trial court erred when it found that he was charged with a detainable offense, the proof was evident or the presumption was great that defendant committed the offense in question, that no condition or combination of conditions could mitigate the real and present threat to the safety of the alleged victim in this matter, and that less restrictive conditions would not assure the safety to the community. Defendant requested pretrial release "with whatever conditions the Court feels is appropriate."

¶ 12    On July 31, 2024, the court, "visiting" Judge John A Barsanti, of Kane County, presiding, heard and denied defendant's motion.

¶ 13    This timely appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, the Office of the State Appellate Defender (OSAD) filed a memorandum of law arguing only that the trial court violated section 110-6.1(c)(2) of the Code (725 ILCS 5/110-

6.1(c)(2) (West 2022)) when it failed to hold his detention hearing within 48 hours of his first appearance. However, we determine that defendant has waived this argument because he failed to raise it in his motion for relief filed pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. April 15, 2024).

¶ 16    Rule 604(h)(2) provides:

"As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. *** Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived."

*Id.*

¶ 17    Here, on appeal, OSAD argues only that the trial court violated section 110-6.1(c)(2) of the Code when it failed to hold defendant's detention hearing within 48 hours of his first appearance. However, this issue was not raised in defendant's motion for relief. Rule 604(h)(2) expressly requires arguments to be advanced in a motion for relief in the trial court under penalty of waiver. Ill. S. Ct. R. 604(h)(2) (eff. April. 15, 2024). Accordingly, we deem the timeliness issue "waived." See *id.*

¶ 18    OSAD concedes that the issue was not raised in defendant's motion for relief. As such, OSAD urges us to review this issue as second-prong plain error.

¶ 19    When a defendant has failed to preserve an error for appeal, we may review the issue for plain error. *People v. Bush*, 2023 IL 128747, ¶ 71; Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). Plain-error review is appropriate when a clear or obvious error occurs and (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error" or (2) the "error is so serious that it affected the fairness of the

defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Bush*, 2023 IL 128747, ¶ 71. Under either prong of the plain-error doctrine, the first step in a plain-error analysis is to determine whether a clear and obvious error occurred. *People v. Moon*, 2022 IL 125959, ¶ 22. The burden of persuasion is on the defendant to establish that a "clear or obvious error occurred." *People v. Hillier*, 237 Ill. 2d 239, 545 (2010). Here, because the record is incomplete, defendant cannot establish error.

¶ 20    Both statutory and constitutional rights may be waived if the waiver is made knowingly and voluntarily. *People v. Reid*, 2014 IL App (3d) 130296, ¶ 11. As section 110-6.1 functions primarily to limit the denial of a defendant's pretrial release, we see no issue with a detained defendant to waive at least some of section 110-6.1's limitations, such as a hearing on the State's petition to detain within 48 hours. To hold otherwise would be to disallow a detained defendant the choice of continued prehearing detention to, *inter alia*, assert his constitutional right to conflict-free representation (see *People v. Hernandez*, 231 Ill. 2d 134, 142 (2008)), or to a fair and impartial judge (see *In re Murchison*, 349 U.S. 133, 136 (1955)).

¶ 21    Here, defendant first appeared on June 29, 2024, when the court continued the case and set his detention hearing to July 2, 2024. On July 2, conflict public defender filed an appearance and Judge LoPiccolo, of Kane County, presided. The record indicates that the chief judge of the Circuit Court of Lake County requested that a judge from another judicial circuit be assigned to defendant's case, and that on July 2, 2024, the Illinois Supreme Court ordered Judge LoPiccolo to preside. However, defendant has failed to provide a complete record containing a transcript or bystander's report of the proceedings that occurred on June 29, 2024. Most notably missing from the record is any indication regarding whether defendant initially requested, agreed to or acquiesced to the assignment of an out-of-county judge and appointment of a conflict public

defender. Due to this insufficient record, it is impossible for us to determine whether the continuance was attributable to defendant, either by request, agreement, or acquiescence. An appellant has a duty to present a sufficiently complete record supporting the basis of his appeal, and any doubts that arise from the incompleteness of the record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); *People v. McKee*, 2022 IL App (2d), 210624, ¶ 26. Since this ambiguity is due to the incompleteness of the record, we resolve it against defendant. Therefore, defendant has failed to establish error, and thus, he cannot establish plain error.

¶ 22    In the alternative, OSAD maintains that its own failure to include the issue in the motion for relief and defense counsel's failure to object to the alleged untimely hearing constitute ineffective assistance of counsel.

¶ 23    "The United States and Illinois Constitutions guarantee criminal defendants the right to the effective assistance of counsel." *People v. Lewis*, 2022 IL 126705, ¶ 44 (citing U.S. Const., amends. VI, XIV, and citing Ill. Const. 1970, art. I, § 8, and citing *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052 (1984), and citing *People v. Albanese*, 104 Ill. 2d 504, 525-26 (1984)). To establish prejudice for an ineffective assistance claim, a defendant must establish (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced defendant in that, absent counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *People v. Flournoy*, 2024 IL 129353, ¶ 109 (citing).

¶ 24    To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy both prongs of the *Strickland* test. *People v. Logan*, 2024 IL 129054, ¶ 83. The failure to satisfy either prong is fatal to the claim. *Id.*

¶ 25 Here, we are unable to determine whether defense counsel's performance was deficient because the record is inadequate. Although defense counsel did not object at the detention hearing on July 2, 2024, due to the absence of a transcript or bystander's report from the proceedings on June 29, it is impossible for us to determine whether defendant sought the continuance or agreed to it. Without this information, we are unable to determine whether counsel's failure to object on July 2 was unreasonable or deficient. Similarly, we cannot determine whether counsel's failure to include the timeliness issue in the motion for relief from judgment was unreasonable or deficient. Therefore, defendant cannot establish ineffective assistance of counsel.

¶ 26 Even if counsel could establish deficient performance by counsel, however, he cannot establish prejudice under *Strickland*. The detention decision is not closed; indeed, it cannot be, as it must be revisited at every subsequent court date. See *People v. Walton*, 2024 IL App (4th) 240541, ¶ 20, (noting the court's inherent authority to modify interlocutory orders and citing section 110-6.1(i-5) of the Code (725 ILCS 5/110-6.1(i-5) (West 2022)) in finding the court's obligation to review the necessity of detention at future court dates); Ill. S. Ct. R. 604(h)(9) (eff. Apr. 15, 2024) (stating "[t]he circuit court shall retain jurisdiction to proceed with the case during the pendency of any appeal from an order" such as the one at issue here). An appeal from a detention decision can be brought at any time prior to conviction. Ill. S. Ct. R. 604(h)(3) (eff Apr. 15, 2024). Subject to the limitation that no more than one appeal be brought at one time (Ill. S. Ct. R. 604(h)(11) (eff April 15, 2024)), defendant can still file a proper motion for relief and take a proper appeal. It is difficult to discern how a defendant can establish that he has been prejudiced by counsel " 'dropping the ball' when the ball is still in the air." *People v. Drew*, 2024 IL App (5th) 240697, ¶ 37 ("While it is well established that trial counsel's pretrial actions may trigger Sixth Amendment rights, '[t]he fundamental problem with addressing *Strickland* claims prior to

trial is that the outcome of the proceeding has not yet been determined.' " (quoting *People v. Jocko*, 239 Ill. 2d 87, 93 (2010))).

¶ 27    Defendant cites *People v. McCarthy-Nelson*, 2024 IL App (4th) 231582-U, to support his argument that because his detention hearing was not held within 48 hours, he must be released. In *McCarthy-Nelson*, the appellate court vacated the defendant's detention due to an untimely hearing. *Id.* ¶¶ 13, 19-20. However, in *McCarthy-Nelson*, the record established that the State moved to continue the hearing, and the trial court granted it over the defendant's objection. *Id.* ¶ 5. Here, the record is insufficient to determine whether defendant sought the continuance, agreed to it, or acquiesced to it. Accordingly, *McCarthy-Nelson* is easily distinguishable and inapplicable in this case.

¶ 28                                  III. CONCLUSION

¶ 29    We affirm the order of the circuit court of Lake County.

¶ 30    Affirmed.