**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 220402-U

Order filed January 3, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0402 Circuit No. 21-DV-691 |
| | ) | |
| KEVIN T. STOCKMAN, | ) ) | Honorable George A. Ford, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justice McDade[1] and Justice Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  (1) Postplea counsel was not ineffective. (2) Defendant's affidavit did not trigger the court's duty to conduct a preliminary *Krankel* inquiry. (3) The court did not err in denying defendant's motion to withdraw his guilty plea.

---

[1] Justice McDade participated in this appeal and has since retired. Our supreme court has held that the departure of a judge prior to the filing date will not affect the validity of a decision so long as the remaining two judges concur. *Proctor v. Upjohn Co.*, 175 Ill. 2d 394, 396 (1997).

¶ 2    Defendant, Kevin T. Stockman, appeals his conviction for misdemeanor domestic battery, arguing (1) postplea counsel was ineffective for failing to challenge the representation provided by prior counsel, (2) the court erred by failing to conduct a preliminary *Krankel* inquiry, and (3) the court erred when it denied defendant's motion to withdraw guilty plea. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    Defendant was charged on September 16, 2021, with two counts of domestic battery (720 ILCS 5/12-3.2(a)(1), (2) (West 2020)) and one count of unlawful interference with the reporting of domestic violence (*id.* § 12-3.5(a)). The trial was rescheduled several times before being set for a bench trial on June 1, 2022. That morning, defendant pled guilty to one count of domestic battery pursuant to a negotiated plea. In exchange for defendant's plea, the State would dismiss the remaining counts and defendant would be sentenced to one year of conditional discharge. The court admonished defendant pursuant to Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). The court confirmed defendant was pleading guilty freely and voluntarily before informing him of the minimum and maximum penalties he faced for a conviction of misdemeanor domestic battery, that he may be subject to federal criminal penalties for possessing, transporting, shipping or receiving any firearm or ammunition, and that he had the right to a jury trial. The court then confirmed defendant understood the agreement before accepting his guilty plea.

¶ 5    On June 30, 2022, through new counsel, defendant filed a motion to withdraw his guilty plea which was amended on August 11, 2022. The amended motion alleged the court failed to admonish defendant of the collateral consequences of the plea as required by section 113-4 of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-4 (West 2022)), and that defendant was

suffering from "emotional distress" at the time he entered the plea agreement. Defendant's affidavit accompanying the motion alleged he spoke to plea counsel "just minutes" before the start of the trial. During that conversation, counsel informed defendant for the first time of the plea offer from the State. Defendant felt the conversation was "abrupt" and did not leave him with "adequate time to contemplate [the] plea." The affidavit further alleged counsel never informed defendant of the collateral consequences of pleading guilty. Defendant ultimately agreed to plead guilty even though he was "unsure about whether [he] should proceed with a trial or take [the] plea agreement."

¶ 6       The court denied the motion, holding it only needed to comply with Rule 402 as the section 113-4 admonishments need only be given at a defendant's initial arraignment. The court also held that upon review of the record, defendant's claim that he was suffering from emotional distress at the time he entered the plea agreement was unfounded.

¶ 7                                    II. ANALYSIS

¶ 8       On appeal, defendant argues (1) his postplea counsel was ineffective for failing to challenge the representation provided by prior counsel, (2) the circuit court erred when it failed to conduct a preliminary *Krankel* inquiry where defendant's affidavit alleged his plea counsel failed to inform him of the collateral consequences, and (3) the court erred when it held defendant did not suffer from emotional distress at the time he entered his guilty plea. We will consider each argument in turn.

¶ 9                        A. Collateral Consequences of Guilty Plea

¶ 10      A criminal defendant is entitled to effective representation at all critical stages of the criminal proceedings, including the entry of a guilty plea. *People v. Hughes*, 2012 IL 112817, ¶ 44. Whether a counsel's omission supports an ineffective assistance of counsel claim is

reviewed *de novo*. *People v. Davis*, 353 Ill. App. 3d 790, 794 (2004). "[T]o prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's substandard representation so prejudiced the defense as to deny the defendant a fair trial." *People v. Horton*, 143 Ill. 2d 11, 23 (1991). To show counsel's performance was objectively unreasonable, "a defendant must overcome the strong presumption that the challenged action or inaction of counsel was the product of sound trial strategy and not of incompetence." *People v. Coleman*, 183 Ill. 2d 366, 397 (1998). "To show actual prejudice, defendant must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Horton*, 143 Ill. 2d at 23 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "The failure to satisfy either the deficiency prong or the prejudice prong of the *Strickland* test precludes a finding of ineffective assistance of counsel." *People v. Enis*, 194 Ill. 2d 361, 377 (2000). To determine whether postplea counsel was ineffective for failing to challenge plea counsel's representation, we must first consider whether plea counsel was ineffective in failing to inform defendant of the collateral consequences of his guilty plea. See, *e.g.*, *id.* ("If the underlying issue is not meritorious, then defendant has suffered no prejudice[,]" when alleging successive counsel is ineffective for failing to argue previous counsel was ineffective).

¶ 11    Notably, defendant does not cite a single case for the proposition that counsel's failure to inform defendant generally of collateral consequences, such as his ability to find work or volunteer in certain places, qualify for housing or professional licenses, or losing his ability to own a firearm, constitutes ineffective assistance. However, even if counsel had a duty to inform

4

defendant of the collateral consequences of the guilty plea, defendant has failed to demonstrate any prejudice. To show prejudice in this context, defendant must demonstrate "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hughes*, 2012 IL 112817, ¶ 63 (quoting *Lafler v. Cooper*, 566 U.S. 156, 163 (2012), quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). A " 'bare allegation that the defendant would have pleaded not guilty' " is insufficient to establish prejudice." *Id.* ¶ 64 (quoting *People v. Hall*, 217 Ill. 2d 324, 335-36 (2005)). Defendant is required to "assert either a claim of actual innocence or articulate a plausible defense that could have been raised at trial." *Id.*; see also *People v. Thomas*, 2017 IL App (4th) 150815, ¶ 21 ("defendant's lackadaisical assertion [that he might have accepted a plea agreement] is clearly insufficient to undermine the confidence in the outcome of the trial")

¶ 12 Here, defendant has not even made the bare assertion he would have pled not guilty. The affidavit only claims he was "unsure about whether [he] should proceed with a trial or take [the] plea agreement." Defendant has also failed to outline a plausible defense or claim of actual innocence. Therefore, even if we assume plea and postplea counsels' representations fell below an objectively reasonable standard, defendant's claim fails because he has not established prejudice. See *People v. Cherry*, 2016 IL 118728, ¶ 31 ("the failure to establish either [prong under the *Strickland* test] precludes a finding of ineffective assistance of counsel").

¶ 13                                       B. *Krankel* Inquiry

¶ 14 Defendant alternatively argues we should remand this matter for a preliminary *Krankel* inquiry because he complained of his plea counsel in the affidavit attached to his motion to withdraw guilty plea. If a defendant raises a *pro se* posttrial claim that he was denied his constitutional right to the effective assistance of trial counsel, the court must inquire further into

5

defendant's allegations. *People v. Krankel*, 102 Ill. 2d 181, 189 (1984); *People v. Roddis*, 2020 IL 124352, ¶ 34.

> "Hearing those claims is a two-step process: (1) the circuit court makes a preliminary inquiry to examine the factual basis of the defendant's claim and (2) if the allegations show 'possible neglect of the case,' new counsel is appointed to represent the defendant in a full hearing on his *pro se* claims." *People v. Horman*, 2018 IL App (3d) 160423, ¶ 24 (quoting *People v Moore*, 207 Ill. 2d 68, 78 (2003)).

¶ 15 Defendant only needs to bring the claim to the court's attention to trigger a preliminary inquiry. *Id.* "[W]hen a defendant brings a clear claim asserting ineffective assistance of counsel, either orally or in writing, this is sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry." *People v. Ayres*, 2017 IL 120071, ¶ 18. "If a defendant does not make a valid ineffective assistance claim, [he] does not trigger the need for the trial court to inquire." *People v. King*, 2017 IL App (1st) 142297, ¶ 15. An "implicit" claim which does not provide a "clear basis" of ineffective assistance is insufficient. *People v. Taylor*, 237 Ill. 2d 68, 76-77 (2010). A court's duty to conduct a preliminary *Krankel* inquiry is not triggered where defendant's statements are "amenable to more than one interpretation." *Id.* at 77. Whether a circuit court failed to conduct an adequate inquiry into posttrial ineffective assistance claims is reviewed *de novo*. *Id.* at 75.

¶ 16 Defendant argues his affidavit was functionally equivalent to a *pro se* claim of ineffective assistance of plea counsel. We disagree. The affidavit is amenable to more than one interpretation and does not clearly raise an ineffective assistance of counsel claim. The affidavit was submitted in support of the motion to withdraw defendant's guilty plea. The motion argued

6

defendant was not properly admonished by the circuit court and that he was suffering from emotional distress at the time he entered the plea agreement. As defendant acknowledges on appeal, the motion made no argument that plea counsel was ineffective. The most natural interpretation of the allegations in the affidavit therefore is that they were meant to support the motion instead of allege ineffective assistance. See, *e.g.*, *People v. Whitaker*, 2012 IL App (4th) 110334, ¶ 21 (despite defendant raising specific complaints about his counsel's performance, a preliminary *Krankel* inquiry was not required because the complaints were not made for the purpose of alleging ineffective assistance and did not clearly raise an ineffective assistance claim). Just as in *Taylor* and *Whitaker*, "[t]o find defendant's [affidavit] was an ineffective-assistance-of-counsel claim would require the trial court to divine defendant's intent ***." *Id.* The affidavit therefore did not trigger the court's duty to conduct a preliminary *Krankel* inquiry.

¶ 17                                    C. Emotional Distress

¶ 18            Defendant further argues the circuit court erred when it denied his motion to withdraw his guilty plea. Specifically, defendant contends the court improperly determined defendant did not suffer from emotional distress at the time he entered the negotiated plea deal. "A defendant does not have an automatic right to withdraw [his] guilty plea, as '[a] plea of guilty is a grave act that is not reversible at the defendant's whim.' " *People v. Burge*, 2021 IL 125642, ¶ 37 (quoting *People v. Reed*, 2020 IL 124940, ¶ 47). In order to withdraw a guilty plea, "a defendant must establish a manifest injustice under the facts involved." *Id.* "The decision to grant or deny a motion to withdraw a guilty plea rests in the sound discretion of the circuit court and, as such, is reviewed for abuse of discretion." *People v. Delvillar*, 235 Ill. 2d 507, 519 (2009).

¶ 19            Here, defendant provides no case law for the proposition that suffering from emotional distress renders a guilty plea involuntary or unknowing. The record reflects the court

appropriately informed defendant regarding the nature of the charges, minimum and maximum sentences, and his right to a trial, before confirming defendant understood the details of the plea agreement. While defendant alleged in his affidavit that he was suffering from emotional distress at the time, he presented "no credible evidence that [his] alleged emotional state impacted his ability to make a knowing and voluntary guilty plea." *People v. Bryant*, 2016 IL App (5th) 140334, ¶ 34. On this record we cannot say defendant's guilty plea was unknowing or involuntary regardless of his emotional state. The circuit court therefore did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.

¶ 20                                III. CONCLUSION

¶ 21         The judgment of the circuit court of Du Page County is affirmed.

¶ 22         Affirmed.